KENNETH B. KUSSMAN, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the COUNTY OF CLARK, and the HONORABLE CARL J. CHRISTENSEN, DISTRICT JUDGE, DEPARTMENT No. VII, Respondents.

No. 12347

June 18, 1980                    612 P.2d 679

Gunderson and Batjer, JJ., dissented.

*Jack J. Pursell,* Las Vegas, for Petitioner.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

By the Court, Thompson, J.:

A grand jury indicted Kussman for attempted escape with use of a deadly weapon, extortion with use of a deadly weapon

(three counts), and first degree kidnapping with use of a deadly weapon (three counts). Contending that insufficient evidence was produced before the grand jury to warrant indictment, he filed a petition with the district court for a writ of habeas corpus. He was unsuccessful in that endeavor, and now has filed with this court an original petition for a writ of mandamus to compel the district court to release him from custody. For reasons hereafter expressed we dismiss his petition.

In 1979 the legislature removed the jurisdiction of this court to entertain an appeal from an order denying a pretrial petition for a writ of habeas corpus based on an alleged want of probable cause. Stats. Nev. 1979, ch. 216; NRS 34.380. And, in Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980) we ruled that it was constitutionally permissible for the legislature to so preclude appellate review. Neither the statutory change nor our opinion in *Gary* concerned the original jurisdiction of this court to issue a writ of mandamus when warranted, nor do we perceive any effort to restrict our power to do so.

Mandamus is an extraordinary remedy. The decision as to whether an application for a writ of mandate will be entertained lies within the discretion of the court. State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974). Indeed, statute declares that "the writ may be issued by the supreme court. . . ." NRS 34.160.

A guide to the exercise of our discretion may be found in Southwest Gas Corp. v. Public Serv. Comm'n, 92 Nev. 48, 546 P.2d 219 (1976) wherein we quoted with approval the following:

> Thus, as a general proposition, the rule has been laid down that the conferring of original jurisdiction in mandamus upon appellate courts does not contemplate that such courts will take jurisdiction of all mandamus cases which parties may think best to bring before them, but that such original jurisdiction is conferred so that such courts of the highest authority in the state shall have the power to protect the rights, interests, and franchises of the state, and the rights and interests of the whole people, *to enforce the performance of high official duties affecting the public at large,* . . . (Emphasis in original.) *Id.* at 57, 546 P.2d at 225.

Although we may have the constitutional power to review a probable cause pretrial factual determination through a proceeding in mandamus, we are not compelled to exercise that

power. The legislature, by the aforementioned 1979 amendment, has expressed its disapproval of our pretrial review of a probable cause determination denying habeas relief. And, as noted in *Gary,* legislative history discloses a purpose to eliminate frivolous appeals and to prevent the concomitant delay in bringing those cases on for trial. To allow the identical issue, probable cause, to be the subject of review by this Court through an original proceeding in mandamus would frustrate the legislative purpose.

The California Supreme Court when faced with a similar question, *i.e.,* "whether mandate should be available to secure a review when the Legislature has determined there should be no appeal," People v. Superior Court of Marin County, 446 P.2d 138, 142 (Cal. 1968), concluded that in order to give meaningful effect to the legislative policy, it should not. *Id.* at 145. The court noted that, in the context presented the intent was for the lower court to be the ultimate tribunal, and that error in the exercise of its jurisdiction was not to be reviewed. *Id.* at 143.

Moreover, and wholly apart from the expression of legislative will, judicial economy and sound judicial administration generally will militate against the utilization of mandamus to review pretrial probable cause determinations. Accordingly, we elect to exercise our discretion against entertaining the instant petition for a writ of mandamus.

Petition dismissed.

MOWBRAY, C. J., and MANOUKIAN, J., concur.

GUNDERSON, J., with whom BATJER, J., agrees, dissenting:

The threshold question is whether mandamus affords a proper remedy for one in the position of petitioner. Justice Batjer and I feel it does.

At its last session, our Legislature amended NRS 34.380 to preclude appeals from most habeas corpus denials. *See* 1979 Nev. Stats. ch. 216, § 1, at 312. According to this court's decision in Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980), in which we upheld the statute against constitutional attack, Kussman therefore cannot appeal the district court's denial of his habeas petition. Here, the State now urges that henceforth we should ignore petitions like the instant one, because we would otherwise negate the effect said legislation was intended to have.

In considering this contention, I note that our original jurisdiction in habeas corpus, mandamus and prohibition does not

derive from statute. It is directly vested by the Nevada Constitution, Art. 6, § 4. Gary v. Sheriff, *supra* (GUNDERSON, J., concurring). Thus, any attempt by the Legislature to restrict our jurisdiction in these matters would be highly suspect. It is a cardinal principle of statutory interpretation that a court will first ascertain whether a construction of a statute is fairly possible by which a constitutional question may be avoided. Ashwander v. Valley Authority, 297 U.S. 288, 348 (1936) (Brandeis, J., concurring); Crowell v. Benson, 285 U.S. 22, 62 (1932).

My review of the legislative history of the amendment of NRS 34.380 reveals that possible impact on our original jurisdiction was never discussed. The only item in the history with any substantial bearing on this issue is a letter to the Honorable Michael R. Griffin, a judge of the First Judicial District, by Frank W. Daykin, the Legislative Counsel. (The letter appears as attachment A to the Senate Judiciary Committee minutes of February 2, 1979.) In the letter, Mr. Daykin stated:

> Removal of the provision for appeal from the granting or denial of a writ of habeas corpus by the district court . . . would essentially restore the law as it existed before 1953. So the law had stood since enacted in 1862. Under it, *In the Matter of Sullivan,* 65 Nev. 128 (1948), a lengthy opinion by Justice Horsey, summarized by the court at page 154, held that there was no statutory right of appeal, the constitution conferred none, and appeal was inconsistent with [the] basic nature of the writ. . . .

Prior to 1953,[1] although no appeal was available from an adverse habeas determination, an unsuccessful habeas petitioner was not denied all access to this court, but instead could prosecute an original proceeding in habeas corpus here. Ex parte Sullivan, 65 Nev. 128, 189 P.2d 338 (1948). Thus, the Daykin letter lends no support to the view that the Legislature intended to preclude relief in this court.

Moreover, the Legislature, in repealing the former NRS 34.380(6), neither amended nor repealed subsections (2) or (5)[2]

---

[1] In 1953, N.C.L. § 11377, the predecessor of NRS 34.380, was amended to provide for appeal from denials of habeas petitions, 1953 Nev. Stats. ch. 205, § 3(a) at 257. The recently enacted legislation repealed this section.

[2] NRS 34.380(2) provides:

"Each of the justices of the supreme court may issue writs of habeas corpus to any part of the state, on petition by, or on behalf of any person held in actual custody, and may make such writ returnable before himself or before the supreme court, or before any district court in the state or before any judge of the district court, as provided in section 4 of article 6 of the constitution of the State of Nevada."

dealing with our original habeas jurisdiction. Nor did the Legislature amend NRS 34.150 *et seq.* or NRS 34.320 *et seq.* dealing with mandamus and prohibition, respectively. The Legislature hardly could have intended to affect our original jurisdiction and yet ignore the above-cited provisions of our statutes, one of which immediately preceded the repealed subsection.

Strong policy considerations also militate against our accepting the State's contention. This court, throughout the history of Nevada as a state, has entertained pre-trial writs, *see, e.g.,* Eureka Bank Cases, 35 Nev. 80, 126 P. 655 (1912), except for the period after 1953 when we held that appeal to this court constituted an adequate substitute, Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966) (prohibition would not lie to test sufficiency of evidence upon which indictment was founded because appeal from denial of writ of habeas corpus provided a plain, speedy, and adequate remedy); Ex parte Merton, 80 Nev. 435, 395 P.2d 766 (1964) (availability of appeal from habeas denial precluded original habeas petition in Supreme Court). The importance attached by this court to the availability of the writ is demonstrated by the following passage in Shelby v. District Court, *supra,* at 207:

> It is fundamentally unfair to require one to stand trial unless he is committed upon a criminal charge with reasonable or probable cause. No one would suggest that an accused person should be tried for a public offense if there exists no reasonable or probable cause for trial. Our Constitution and Statute recognize this principle of fairness and provide for its protection by the writ of habeas corpus. Nev. Const. Art. 1, § 5, commands that the writ of habeas corpus shall not be suspended unless, in cases of rebellion or invasion, the public safety may require its suspension. . . .

Considering the long tradition of the availability of extraordinary relief in this court and the strength of our policy in regard to probable cause, we should not infer an intent on the part of the Legislature to preclude such rights unless such intent is made manifestly clear. There will be time enough to

NRS 34.380(5) provides:

"When an application is made to a justice of the supreme court for a writ of habeas corpus and the application is entertained by the justice, or the supreme court, and thereafter denied, the person making such application has no right to submit thereafter an application to the district judge of the district wherein such applicant is held in custody, nor to any other district judge in any other judicial district of the state, premised upon the illegality of the same charge upon which such applicant is held in custody."

consider the constitutionality of any legislative attempt to confine our original jurisdiction should legislation with a clear purpose to that effect be enacted.

For the foregoing reasons, JUSTICE BATJER and I believe the Legislature did not intend, by the repeal of the former NRS 34.380(6), to restrict this court's original jurisdiction.[3]

Having concluded that extraordinary relief is available, it remains to be decided whether mandamus is a proper form for such relief. My brother BATJER and I believe that it is. The State's contention that the defendant, because he may go to trial and, if convicted, appeal therefrom, has an adequate remedy[4] in the ordinary course of the law is without merit. The personal hardship that results from being the subject of a criminal prosecution as well as the strong public interest in avoiding the wasted time and effort in conducting a trial that should never have taken place refute the State's contention. *See* Rescue Army v. Municipal Court, 171 P.2d 8 (Cal. 1946), *appeal dismissed,* 331 U.S. 549 (1947). We also note that this court has recognized the availability of mandamus to compel the entry of summary judgment. Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964). In so holding, we found that the expense and inconvenience of a trial are sufficiently grave that the adequate-remedy requirement was met. We need not belabor the point that, in general, the hardships suffered by a criminal defendant far outweigh those suffered by a civil litigant. Mandamus affords an established, convenient, and efficient process by which to adjudicate these petitions.[5] Thus, this petition is clearly cognizable.

---

[3] It appears from the minutes of the committee hearings on the bill to repeal our appellate habeas jurisdiction that delay in the pre-trial process was one of the major concerns of the legislature. *See* Gary v. Sheriff, *supra.* It should be noted that a petition for extraordinary relief does not cause delay in the district court proceedings unless this court or the district court issues a stay. It should also be noted that the instant petition was filed with copies of the habeas petition submitted to the court below, the points and authorities in support thereof, the writ itself, the return to the writ, the order denying the writ, and the transcript of the grand jury proceedings. Thus, petitioner has done all that could be expected from him to avoid delay and has presented the probable cause issue to this court in a context capable of swift adjudication. While there may be cases in which, due to procrastination in bringing the writ petition or inadequacy of documentation, consideration by this court may be properly denied, this clearly is not such a case.

[4] Such a remedy precludes mandamus relief. NRS 34.170.

[5] It is also arguable that prohibition would be the correct remedy. *See* Rescue Army v. Municipal Court, 171 P.2d 8 (Cal. 1946), *appeal dismissed,* 331 U.S. 549 (1947). It is clear that probable cause is jurisdictional, Shelby v. District Court, *supra,* Eureka Bank Cases, *supra,* and that prohibition is available to arrest proceedings of the district court in excess of its jurisdiction. NRS 34.320.

In the instant case, Justice Batjer and I feel Kussman's petition lacks merit. The petition should not be ignored and dismissed; it should be considered and denied. However, in view of the majority's election not to meet the merits, it would serve no purpose to elaborate why we believe evidence of probable cause is sufficient.

We have recognized the availability of prohibition to challenge the sufficiency of an indictment, Konstantinidis v. Sheriff, 96 Nev. 285, 607 P.2d 584 (1980), and in the *Eureka Bank Cases* we stated:

> We see no difference, in legal effect, between an indictment which fails to charge a public offense and an indictment which charges a public offense, without facts constituting such offense to support it, with the exception that in the former case the want of jurisdiction is apparent upon the face of the indictment. (at 105).

To make too much of this point, however, would be to exalt form over reality. Most mandamus petitions filed in this court contain the phrase "or, in the alternative, prohibition." No great skill is required to rephrase a prohibition petition to meet the requirements for mandamus. *See* NRS 34.160. The line separating the two closely-related writs has never been drawn with any great precision, and it has long been our policy to consider any petition filed in either form even if, technically, the other would have been preferable. This policy is but an aspect of our belief that minor procedural errors should not stand in the way of consideration of disputes on their merits.