662 P.2d 1338 (1983)
STATE of Nevada, on relation of its DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
The Honorable J. Charles THOMPSON, Judge of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, and Barbara J. Hoover, Respondents.
No. 14462.
Supreme Court of Nevada.
May 10, 1983.
*1339 Brian McKay, Atty. Gen., Roger D. Comstock, Deputy Atty. Gen., Carson City, for petitioner.
Bell, Leavitt & Green, and Mark Lerner, Las Vegas, for respondents.

OPINION
PER CURIAM:
Petitioner is the defendant in a personal injury lawsuit pending in the district court. Instead of answering the complaint, petitioner filed a motion to dismiss the suit based on the statute of limitations. See NRCP 12(b)(5). The district court denied the motion to dismiss, and petitioner now seeks a writ of mandamus to compel the district court to dismiss the suit.[1] For the reasons set forth below, we deny the petition for writ of mandamus.
A writ of mandamus may be issued by this court to compel the performance of an act which the law requires as a duty resulting from an office, trust or station. NRS 34.160. Mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the discretion of this court.[2]Poulos v. District Court, 98 Nev. 453, 652 P.2d 1177 (1982); Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980).
In the case of Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), the majority opinion held that mandamus would be available in certain cases to challenge orders denying motions for summary judgment. The ruling in Dzack was premised on language in NRCP 56(e), which states that when a motion for summary judgment is made and supported as provided in the rule, the adverse party must set forth facts showing that there is a genuine issue for trial. The majority opinion in Dzack ruled that when the adverse party has not shown a genuine issue for trial, "NRCP 56(e) makes it the duty of the district court to enter summary judgment." 80 Nev. at 349, 393 P.2d at 612.
The dissent in Dzack pointed out that mandamus is not available to control the exercise of the district court's discretion. In the dissent's view, a district court's decision on a summary judgment motion is discretionary, and mandamus would therefore be inappropriate.
In 1979, in another split decision, this court decided the case of State ex rel. Dep't Hwys. v. District Court, 95 Nev. 715, 601 P.2d 710 (1979). A majority of the court in that case ruled that the Dzack doctrine should be extended to allow review of district court orders denying motions to dismiss. The dissent in Dep't Hwys. argued that neither prior case law nor court rules justified the extension of mandamus to orders denying motions to dismiss.
Although both Dzack and Dep't Hwys. discussed the question of whether mandamus was available, neither of those cases discussed, to any significant extent, the question of whether sound judicial administration justified this court's exercise of its discretion in favor of entertaining *1340 mandamus in those contexts.[3] Indeed, the majority opinion in Dzack spoke in terms of the petitioner being "entitled" to mandamus. As mentioned above, however, a petitioner is never "entitled" to a writ of mandamus. Even when mandamus is available as a remedy, we are not compelled to issue the writ because it is purely discretionary.
For example, in Kussman v. District Court, supra, the petitioner challenged an order denying a pretrial writ of habeas corpus based on lack of probable cause. We expressly recognized that we have the constitutional power to review such an order through a mandamus proceeding. We also recognized, however, that "we are not compelled to exercise that power." 96 Nev. at 545-46, 612 P.2d at 680. We concluded in Kussman that "judicial economy and sound judicial administration generally will militate against the utilization of mandamus to review pretrial probable cause determinations." 96 Nev. at 546, 612 P.2d at 680. Thus, we exercised our discretion against entertaining petitions for writs of mandamus in that context.
We recently noted in Poulos v. District Court, supra, that in the years since Dzack we have received an increasing number of petitions arising out of the summary judgment context. In Poulos we indicated that we have exercised our discretion sparingly and have limited the scope of Dzack. Nevertheless, mandamus petitions have continued to inundate this court, challenging denials of motions for summary judgment and motions to dismiss. We must now decide whether it is in the best interests of this court, and of the Nevada judicial system as a whole, for us to continue to entertain such petitions. We conclude that it is not.
We recognize that our issuance of a writ of mandamus might, in an individual case, have desirable effects by saving some expenses for the litigants and by removing the case from the district court's calendar. Nevertheless, very few meritorious petitions of this kind have been filed in this court. In the last two years, for example, this court summarily denied nearly 80% of all petitions for extraordinary writs. Even in cases where we ordered the respondents to file answers, see NRAP 21(b), the number of writs actually issued was minimal. Thus, the vast majority of these petitions have not had the desirable effects mentioned above. Instead, such petitions have generally been quite disruptive to the orderly processing of civil cases in the district courts, and have been a constant source of unnecessary expense for litigants.
In addition, an enormous amount of time and effort has been expended by this court and its staff in the processing of these petitions. In light of the ever-increasing caseload of this court, the few petitions with arguable merit do not justify a continued use of our valuable resources in processing mandamus petitions challenging orders denying motions to dismiss and motions for summary judgment.
We conclude, as we did in Kussman, that judicial economy and sound judicial administration militate against the utilization of mandamus petitions to review orders denying motions to dismiss and motions for summary judgment. Therefore, although we reaffirm the principle that we have the power to entertain such petitions under Dzack and Dep't Hwys., in the exercise of our discretion we will no longer utilize that power.
The present petition challenges the district court's order denying a motion to dismiss. As noted earlier, the motion should have been treated as a motion for summary judgment. Regardless of our characterization of the district court's order, and for the reasons expressed above, we decline to entertain the petition.
Petition denied.
NOTES
[1] The papers presented to the district court on the motion to dismiss included matters outside of the pleadings. In such a case, "the motion shall be treated as one for summary judgment." NRCP 12(b).
[2] Although the Nevada Constitution gives us the power to issue mandamus, the Constitution does not indicate any type of case in which we are required to entertain a mandamus petition. Nev. Const. Art. 6, § 4. Furthermore, NRS 34.160 states that the writ "may" be issued by this court. Such language is an express indication that mandamus is a discretionary writ. Finally, we note that NRAP 3A(b)(5), which specifically deals with the use of mandamus to review an order denying summary judgment, states that such an order "may" be reviewed in a mandamus proceeding. The word "may" is permissive. NRAP 1(e)(8).
[3] Even in Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971), where the court expressly declined to overrule Dzack, the court did not substantially consider the discretionary nature of mandamus.