DONALD ALLEN OSTMAN, PETITIONER, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE ADDELIAR D. GUY, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 20924

August 27, 1991            816 P.2d 458

*Momot and Tidwell,* Las Vegas, for Petitioner.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James Tufteland,* Deputy, Clark County, for Respondents.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus, or, in the alternative, a writ of prohibition, challenges an order of the district court denying petitioner's pretrial petition for a writ of habeas corpus. Petitioner contends that the district court abused its discretion by not granting his pretrial petition brought on the grounds that the prosecutor violated her statutory duty to present exculpatory evidence to the grand jury. *See* NRS 172.145(2). We agree.

On October 13, 1989, an indictment was filed charging petitioner with ten counts of sexual assault and one count of coercion. NRS 200.366; NRS 207.190. Petitioner was not given prior notice of the grand jury proceeding which resulted in this indictment. The only witness before the grand jury was petitioner's girlfriend, the victim of the alleged assault. The victim testified that petitioner repeatedly forced her to engage in unwanted sexual activity on the evening of August 26, 1989. The grand jury was not informed of a voluntary statement petitioner made to the police following the incident. In his statement, petitioner generally acknowledged that the alleged events occurred, but claimed that the victim voluntarily participated.

NRS 172.145(2) provides: "If the district attorney is aware of any evidence which will explain away the charge, he shall submit it to the grand jury." This court has held that a district attorney violates NRS 172.145(2) if he fails to present to the grand jury evidence which has a tendency to explain away the charge. Sheriff v. Frank, 103 Nev. 160, 165, 734 P.2d 1241, 1244 (1987). The determination of whether particular evidence is exculpatory is generally left to the discretion of the district court. After reviewing the evidence in this case, however, we conclude, as a matter of law, that the evidence in question was exculpatory. Specifically, we conclude that the statement petitioner gave to the

police had "a tendency to explain away the charge[s]" of sexual assault and coercion. The prosecutor was therefore obligated under *Frank* to present it to the grand jury.

A writ of mandamus may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station . . . ." NRS 34.160. In *Frank,* we held that a prosecutor's refusal to present exculpatory evidence, "'destroys the existence of an independent and informed grand jury.'" *Frank,* 103 Nev. at 165 (quoting United States v. Gold, 470 F.Supp. 1336, 1353 (N.D.Ill. 1979). In the instant case the prosecutor's failure to present the exculpatory evidence to the grand jury irreparably impaired the independent function of the grand jury. The district court therefore had a duty to dismiss petitioner's indictment. *See Frank,* 103 Nev. at 165, 734 P.2d at 1244. It failed to do so. As the dissent notes, this court will generally not review pretrial challenges to the sufficiency of an indictment. *See, e.g.,* Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980) (judicial economy and sound judicial administration generally militate against use of mandamus to review pretrial probable cause determinations). We have, however, made exceptions to this general rule. *See, e.g.,* State v. Babayan, 106 Nev. 155, 787 P.2d 805 (1990) (petition for writ of mandamus directing the district court to dismiss the indictment against petitioner granted where unusual and urgent circumstances revealed a strong necessity). This case involves only a purely legal issue. Thus, the concerns expressed in *Kussman* do not apply. We conclude, therefore, that under the facts of this case, relief is warranted. Accordingly, we grant the petition for a writ of mandamus. The clerk of this court shall forthwith issue a writ of mandamus directing the district court to dismiss the indictment without prejudice.

SPRINGER, ROSE and YOUNG, JJ., concur.

STEFFEN, J., with whom MOWBRAY, C. J., agrees, dissenting:
Respectfully, I dissent.

At the outset, I note without detailed recitation of Judge Guy's findings of fact and conclusions of law that I am in complete agreement with his determinations. In particular, I agree that it would have been preferable for the State to have presented Ostman's post-arrest statement to the grand jury. I also agree, however, that the State was not obligated to provide the grand jury with the statement because it was not truly exculpatory.

I felt compelled to register my dissent in this matter because I am fearful that the majority opinion, in practical effect, adopts an

unnecessarily expansive view of the meaning of exculpatory evidence that may add an unwarranted dimension to grand jury proceedings. Although the majority opinion simply concludes that Ostman's post-arrest statement "clearly tended to explain away the charges of sexual assault and coercion," without reference to the contents of the statement, it would appear that future such challenges will refer to the statement as a minimum criteria for determining the standard for exculpatory material.

In reading and re-reading Ostman's post-arrest statement, the most that can be said for it is that it is equivocal. It does not have a tendency to "explain away the charge." As found by the district court judge, the statement was "nothing more than an explanation of what he [Ostman] alleged had occurred, and in itself was not exculpatory other than as a general denial that force had been used." Surely the majority is not contending that the State must present to the grand jury a suspect's general denial concerning the commission of the crime. Obviously, if a suspect had admitted committing the offense, there would be no grand jury proceeding in the first place. It must be assumed in such a proceeding that the suspect denies having committed the offense under investigation.

I am especially perplexed by the majority's ruling on this record when comparing it with the majority's view of exculpatory evidence as expressed in Lane v. District Court, 104 Nev. 427, 760 P.2d 1245 (1988). The majority in *Lane* criticized the district attorney for introducing evidence of an admission by one of the alleged victims of a sexual assault that "[t]hey [the suspects] did not rape us. I feel they took advantage of us." The majority also expressed disapproval when the State allowed another witness to testify concerning the sexual comments made by one of the alleged victims on the night of the alleged attacks, despite the clear relevance of the testimony in showing the state of mind and the intentions of the "victims" on the occasion when the offenses allegedly occurred. *Id.* at 430-33, 444-45, 760 P.2d at 1247-49, 1256-57.[1] Thus, despite the State's position in *Lane* that it was obligated to present direct testimony of an admission by an alleged victim that the victims were not raped, and an indication from the language allegedly used by a victim that she was inviting sexual activity, the majority disagreed.

The post-arrest statement in the instant case does not approach the exculpatory nature of the statements in *Lane* that were rejected by the majority as inappropriate for introduction by the State in a grand jury proceeding. Ostman's statement was no

---

[1]Although the majority in *Lane* sought to justify part of its ruling concerning evidence presented by the State on the basis of a violation of Nevada's rape shield statute, a cursory look at the statute discloses that the rape shield legislation does not expressly or impliedly apply to the State.

more than a general denial of the use of force at best, and at worst an inculpatory statement providing additional fuel for returning a true bill.

NRS 172.145(2) requires a prosecutor to present to the grand jury evidence "which will explain away the charge." *See also* Sheriff v. Frank, 103 Nev. 160, 165, 734 P.2d 1241, 1244 (1987) (district attorney has duty to present evidence that "has tendency to explain away the charge"). I am unaware of any Nevada case law that supports Ostman's underlying contention that a simple denial by an accused constitutes "evidence that tends to explain away the charge." The statutory requirement for the presentation of exculpatory evidence obviously serves the important function of clearing the innocent. As noted previously, because it may be properly assumed that every suspect who does not admit guilt in the commission of a criminal offense therefore denies guilt, the fact that they do so does not "tend to explain away the charge."

Moreover, there is no Nevada case law supporting Ostman's specific contention that an allegation of consent by an accused constitutes exculpatory evidence that "tends to explain away the charge." As noted above, the majority holding in *Lane* seems to imply just the opposite. Furthermore, I suggest that a prosecutor should be allowed substantial latitude in selecting the evidence to be presented to a grand jury unless there is evidence that clearly tends to explain away the charge. As the court stated in Matter of Grand Jury Sandoval County, 750 P.2d 464 (N.M.App. 1988):

> In sum, although the prosecutor is required to present direct exculpatory evidence to the grand jury, he is invested with wide discretion as to the selection and presentation of evidence. Mandamus will not lie where the effect of its issuance would be to improperly limit the scope of the state's prosecutorial discretion.

*Id.* at 468. I submit that this court should not reevaluate a prosecutor's determination as to the nature of the evidence in his or her possession absent a clear abuse of discretion. Otherwise, as observed by Judge Guy, a grand jury proceeding, which is not convened for purposes of determining innocence or guilt, will expand to a full presentation of trial evidence, including a suspect's entire defense.

The position adopted by the majority is also at variance with that taken by the federal courts. Although Nevada does have a statutory provision requiring a prosecutor to present evidence to a grand jury "which will explain away the charge," NRS 172.145(2), the federal approach is both reasonable and of practical value in placing the aforementioned Nevada statute in proper perspective. In support of the stated premise, I will quote from

but three of a large number of federal decisions relevant to the issue under consideration. In United States v. Boykin, 679 F.2d 1240 (8th Cir. 1982), the court stated:

> An indictment may be valid even if it is based entirely on hearsay. [Cite omitted.] As noted in Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956), "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more. A defendant may not challenge an indictment on the ground that information which he considered favorable to his defense was not presented to the grand jury. E.g. United States v. Cederquist, 641 F.2d 1347, 1353 n.3 (9th Cir. 1981). See United States v. Gunter, 631 F.2d 583, 586 (8th Cir. 1980).

*Id.* at 1246. The court in United States v. Ciambrone, 601 F.2d 616 (2nd Cir. 1979), in addressing the reasons for the federal position, stated:

> Despite recent movements for revision of grand jury procedure, a prosecutor is not presently obligated to search for and submit to a grand jury evidence favorable to the defense or negating guilt, when it has not been requested by the grand jury. See United States v. Y. Hata & Co., Ltd., 535 F.2d 508, 512 (9th Cir.), cert. denied, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed. 2d 92 (1976); United States v. Ruyle, 524 F.2d 1133, 1135-36 (6th Cir. 1975), cert. denied, 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed. 2d 175 (1976). "A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated," United States v. Calandra, . . . 414 U.S. 338, 343, 94 S.Ct. 613, 618 (1956). To convert a grand jury proceeding from an investigative one into a mini-trial of the merits would be unnecessarily burdensome and wasteful, since, even if an indictment should be filed, the defendant could be found guilty only after a guilty plea or criminal jury trial in which guilt was established beyond a reasonable doubt.

*Id.* at 623. The third case, United States v. Gardner, 860 F.2d 1391 (7th Cir. 1988), concluded that the defendant's evidence did not negate guilt, and that "this is a situation in which the Government simply refused to present *all* of the appellant's available defenses. In such a context, we conclude that the indictment was not defective. In our judicial system, the appellant is entitled to one criminal trial, not two." *Id.* at 1395.

The federal position appears to be one of reason, recognizing

that if a prosecutor has exculpatory evidence that would negate the charges against an accused, it should be presented. On the other hand, if the accused's "evidence" would serve only as a general denial or as information considered favorable to the defense, the prosecution should be under no obligation to present it. In accepting the federal position, we would not impinge upon the true intent of Nevada's statutory requirement that a prosecutor present exculpatory evidence that "will explain away the charge." To hold to the contrary would transmute the grand jury proceeding from an investigative vehicle into a mini-trial that would emasculate the value of such proceedings as a prosecutorial charging option.

Finally, I suggest that this is not an appropriate matter for extraordinary relief. By analogy, our decision in Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980), should apply in the instant case. In describing our ruling in *Kussman,* we stated:

> [I]n Kussman v. District Court, *supra,* the petitioner challenged an order denying a pretrial writ of habeas corpus based on lack of probable cause. We expressly recognized that we have the constitutional power to review such an order through a mandamus proceeding. We also recognized, however, that "we are not compelled to exercise that power." 96 Nev. at 545-46, 612 P.2d at 680. We concluded in *Kussman* that "judicial economy and sound judicial administration generally will militate against utilization of mandamus to review pretrial probable cause determinations." 96 Nev. at 546, 612 P.2d at 680. Thus, we exercised our discretion against entertaining petitions for writs of mandamus in that context.

State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 361, 662 P.2d 1338, 1340 (1983). Three years after *Kussman,* this court deferred to the considerations of judicial economy and sound judicial administration in concluding that we would no longer entertain mandamus petitions to review orders denying motions to dismiss and motions for summary judgment. *Thompson,* 99 Nev. at 362, 662 P.2d at 1340.

I suggest that in the vast majority of challenges to the evidence presented to grand juries, there will be no merit determinations. This court's scarce resources are not best utilized in reviewing pre-trial challenges to the sufficiency of an indictment. This is true whether the challenge is to the sufficiency of the evidence presented or the nature of the evidence not presented. There should, of course, be exceptions in instances where a petition raises a purely legal challenge to the sufficiency of an indictment,

such as a defense based upon the contention that the conduct charged in the indictment does not constitute a crime, that the indictment is so vague that it fails to charge a crime, that the grand jury is not properly constituted, or that the indictment does not contain each of the essential elements.

In the instant case, I am persuaded that there is no basis for concluding, as a matter of law, that Ostman's post-arrest statement was sufficiently exculpatory to explain away the charge. I suggest, therefore, that this court should not view this petition as an appropriate cause for extraordinary relief.

Although a challenge based upon a prosecutor's failure to present exculpatory evidence is not necessarily the equivalent of a probable cause challenge, as in *Kussman,* I submit that such a challenge is nevertheless more analogous to a probable cause challenge than it is to the purely legal types of questions illustrated above. I also submit that the instant ruling will prompt a substantial increase in the number of writs filed in this court as challenges to the adequacy of prosecutorial presentations of evidence to grand juries, including the nature thereof. I suggest, therefore, that this court should deny extraordinary relief to these types of petitions in deference to the same considerations of judicial economy and sound judicial administration that we found compelling in *Kussman* and *Thompson.*

For the reasons stated above, I am unable to endorse the majority opinion either on the merits or as a matter of procedure, I therefore dissent.