An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY RICHARDSON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65744

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
     DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of mandamus challenges an order of the district court denying a pretrial petition for a writ of habeas corpus. Petitioner Tony Richardson is awaiting trial for murder with the use of a deadly weapon, possession of a firearm by a felon, and preventing or dissuading a witness from testifying or producing evidence stemming from the shooting of Stacy Randolph in Las Vegas, Nevada. He claims that the State failed to present exculpatory evidence, the State did not properly instruct the grand jury, and the evidence presented to the grand jury does not constitute the crime of dissuading a witness. *See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

First, Richardson claims that the State failed to present exculpatory evidence to the grand jury. *See Ostman v. District Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991) (granting mandamus relief where State failed to present exculpatory evidence to grand jury). He

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23866

claims that witnesses who did not testify before the grand jury could have implicated another individual in the murder and the statement of the eyewitness who testified before the grand jury revealed that she had dated Richardson and that her statement was not consistent with her testimony. We conclude that extraordinary relief is not warranted on this claim. Richardson failed to demonstrate that exculpatory evidence existed which the State neglected to present. The witnesses whom Richardson claims could have pointed to other suspects did not witness the shooting. The petition and supporting appendix do not support Richardson's contention that a witness could testify that Richardson acted in self-defense. And the fact that the eyewitness to the shooting who testified before the grand jury had once met the victim and had dated Richardson did not exculpate Richardson. Moreover, even if the State had presented this evidence, the grand jury heard overwhelming evidence to support a true bill for murder and dissuading a witness, which included testimony that a witness saw Richardson shoot the victim and he later threatened that witness and her family. Thus, Richardson cannot demonstrate a reasonable probability that the grand jury would not have found probable cause existed to indict him if the State had introduced the evidence. *See Lay v. State*, 110 Nev. 1189, 1198, 886 P.2d 448, 454 (1994) ("[A] defendant shows prejudice [sufficient to warrant dismissal of an indictment] only when there is a reasonable probability that the outcome would have been different absent the misconduct."); *Sheriff v. Keeney*, 106 Nev. 213, 216, 791 P.2d 55, 57 (1990) (providing that defendant must demonstrate substantial prejudice resulting from governmental misconduct to justify dismissal of indictment). Richardson has not demonstrated that the district court

manifestly abused its discretion by denying his pretrial petition for a writ of habeas corpus. *See* NRS 34.160.

Second, Richardson claims that the State did not accurately instruct the grand jury on the crime of dissuading a witness. We disagree. The given instruction correctly informed the grand jury of the elements of preventing or dissuading a person from testifying or producing evidence as defined in NRS 199.230. *See* NRS 172.095(2) (providing that the State must instruct the grand jury of the elements of the offense alleged). Therefore, Richardson has not demonstrated that the district court manifestly abused its discretion by denying his pretrial petition for a writ of habeas corpus.

Third, Richardson claims that the facts presented to the grand jury cannot support an indictment for dissuading a witness because the victim of that crime had already reported the incident to the police when he was alleged to have threatened her. The grand jury was instructed on the elements of dissuading a witness from testifying pursuant to NRS 199.230, not dissuading a witness from reporting to police pursuant to NRS 199.305. To the extent that Richardson further claims that his charge is not supported by the evidence, this court's review of a pretrial probable cause determination through an original writ petition is disfavored. *See Kussman v. Eighth Judicial Dist. Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980). Richardson has not demonstrated that the challenge to the probable cause determination fits the exceptions we have made for purely legal issues. *See State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990) (granting writ of mandamus dismissing an indictment to prevent "gross miscarriage of justice"). Therefore, extraordinary relief is not warranted on this claim.

Having considered Richardson's contentions and concluded that they lack merit, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas Smith, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk