An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL GOMEZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID B. BARKER, DISTRICT JUDGE,
Respondents,
     and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67194

FILED

FEB 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION*

This is an original petition for a writ of prohibition, or in the alternative, writ of mandamus. Daniel Gomez, petitioner, challenges the district court's denial of a pretrial petition for a writ of habeas corpus. Gomez argues that there was insufficient evidence presented at the preliminary hearing to establish probable cause that the victim was sexually assaulted as the statutory definition of sexual assault set forth in NRS 200.364 requires penetration and the victim was wearing clothing at the time that she claimed Gomez digitally penetrated her rectum. Gomez further argues that there was insufficient evidence presented at the preliminary hearing to establish probable cause that Gomez had committed a battery with the intent to commit sexual assault as the testimony was speculative that Gomez was trying to touch her in the vaginal area and the victim did not immediately report the incident and remained at work.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04589

Whether penetration occurred and whether Gomez committed battery with the intent to commit sexual assault are factual matters appropriate for trial. *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) (holding that it is the function of the jury and not the court to weigh the evidence and pass upon the credibility of the witness). Our review of a probable cause determination through an original writ petition is disfavored, *see Kussman v. Eighth Judicial Dist. Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), and Gomez has not demonstrated that his challenge to the probable cause determination fits the exceptions we have made for purely legal issues, *see Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990). Having concluded that our intervention is not warranted, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
Potter Law Offices
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk