An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ABDUL HOWARD A/K/A LESLEY
LONG,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE DOUGLAS
SMITH, DISTRICT JUDGE; AND THE
HONORABLE JAMES M. BIXLER,
DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68777

FILED

OCT 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying a pretrial petition for a writ of habeas corpus in which petitioner sought to dismiss certain charges in an amended information.[1] Petitioner is awaiting trial on multiple charges, including murder, sexual assault, and arson in connection with the death of an elderly woman.

First, petitioner argues that the murder charge must be dismissed for lack of adequate notice because the State alleged in the amended information that the murder was committed by "manner and

[1]In the alternative, petitioner seeks a writ of prohibition. Because the district court had jurisdiction to consider petitioner's pretrial habeas petition and jurisdiction over the case and petitioner, a writ of prohibition is inappropriate. *See* NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31444

means unknown." However, NRS 173.075(2) provides that a criminal charge may allege that the means by which an offense was committed are unknown. *See West v. State*, 119 Nev. 410, 419, 75 P.3d 808, 814 (2003) ("The Legislature has also provided that an information must specify the means by which the charged offense was committed or allege that the means are unknown."); *Simpson v. Eighth Judicial Dist. Court*, 88 Nev. 654, 658, 503 P.2d 1225, 1228 (1972) (observing that NRS 173.075(2) indicates that a charging document should "either include the means by which the offense was accomplished or show means are unknown"); *see also Persons v. State*, 714 S.W.2d 475, 478 (Tx. Ct. App. 1986) ("Where it is doubtful how death was caused, it may be alleged that it was done by some manner and means unknown to the grand jury"). Accordingly, we conclude that petitioner has not demonstrated that the district court was required, as a matter of law, to grant his pretrial habeas petition on this ground.[2] *See State v. Eighth Judicial Dist. Court. (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) (defining arbitrary and capricious exercise of discretion).

Second, petitioner argues that the evidence presented at the preliminary hearing was insufficient to establish the corpus delecti as to the murder and arson charges and that insufficient evidence supports an allegation that he sexually assaulted the victim with an unidentified

---

[2]To the extent petitioner argues that the amended information fails to provide adequate notice respecting the allegation of felony murder because it does not "advance the manner in which [the underlying felonies] connect to the death of [the victim]," we conclude that he has not shown that the district court manifestly abused its discretion by denying his pretrial petition on this basis.

object. Our review of a pretrial probable cause determination through an original writ petition is disfavored, *see Kussman v. District Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), and petitioner has not demonstrated that his challenge to the probable cause determination fits the exceptions we have made for purely legal issues, *see Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990).

Having considered petitioner's arguments and concluded that relief is not warranted, we

ORDER the petition DENIED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. James M. Bixler, District Judge
Hon. Douglas Smith, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk