IN THE SUPREME COURT OF THE STATE OF NEVADA

EMILIO EAVALIO ARENAS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELISSA F. CADISH, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 69606

FILED

MAR 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is a pro se petition for a writ of mandamus seeking the dismissal of charges with prejudice or new proceedings before the grand jury.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted); *see also* NRS 34.160. A writ of mandamus will issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Generally, the right to appeal is an adequate remedy in the ordinary course of law that will preclude writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Petitioner raises a number of claims alleging Fourth Amendment violations. We have reviewed the documents submitted in this matter, and we decline to exercise original jurisdiction in this matter. *See* NRS 34.160; NRS 34.170. If convicted, petitioner may raise these claims in an appeal from a judgment of conviction, and petitioner has not demonstrated that his claims fit the exceptions we have made for purely legal issues, sound judicial economy and administration, or a gross miscarriage of justice, *see Salaiscooper v. Eighth Judicial Dist. Court,* 117 Nev. 892, 901-02, 34 P.3d 509, 515-16 (2001); *Ostman v. Eighth Judicial Dist. Court,* 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan,* 106 Nev. 155, 176, 787 P.2d 805, 820 (1990).

Petitioner also raises several claims challenging the grand jury proceedings. As to petitioner's claim that he was not served with notice of intent to seek an indictment, it does not appear from the documents submitted that petitioner has ever litigated that issue in the district court. While petitioner mentioned former trial counsels' failure to raise the issue in his motion to dismiss counsel, the district court did not consider it in resolving that motion. Because the claim involves a factual issue, whether petitioner or his counsel were served with notice, we decline to consider this claim in the first instance. *See Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (explaining that appellate court is not the appropriate forum in which to address factual issues critical to a writ of mandamus). As to petitioner's claim that the State failed to present exculpatory evidence to the grand

jury, it likewise does not appear that this claim was properly presented to or ruled upon by the district court. Moreover, the evidence at issue was not exculpatory as it did not explain away the charges against petitioner. *See Ostman*, 107 Nev. at 564-65, 816 P.2d at 459; *see also* NRS 172.145(2). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:　Hon. Elissa F. Cadish, District Judge
　　　Emilio Eavalio Arenas
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk

(O) 1947A