# IN THE SUPREME COURT OF THE STATE OF NEVADA

OLIN FRANCIS MANUEL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RICHARD SCOTTI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 72598

FILED

MAY 09 2017

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges an order of the district court denying a pretrial petition for a writ of habeas corpus. Petitioner seeks a writ directing the district court to grant his pretrial habeas petition and dismiss the charging document.

Petitioner argues that the State failed to produce sufficient evidence at the grand jury to establish probable cause for the charged offense, and the district court arbitrarily and capriciously exercised its discretion in finding that death by suicide was a foreseeable event and not a superceding, intervening cause of harm sufficient to break the chain of criminal agency. Our review of a pretrial probable cause determination through an original writ petition is disfavored, *see Kussman v. Eighth Judicial Dist. Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), and petitioner has not demonstrated that his challenge to the probable cause determination fits the exceptions we have made for purely legal issues, *see Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990). We specifically note that the district court did not disagree with

SUPREME COURT
OF
NEVADA

(O) 1947A

17-15415

the legal argument that the doctrine of superceding, intervening events could be applied but that the evidence presented to the grand jury was sufficient. We decline to review this decision.[1]

Next, petitioner argues that the State failed to present exculpatory evidence to the grand jury. Petitioner argues that the State failed to present evidence that the victim had been disciplined and had his cell phone taken away, that he must have found the gun while searching for his cell phone, and that the cell phone was returned to him shortly before the victim's death. However, the documents presented to this court indicate that this information was presented to the grand jury during Detective Sauchak's testimony at the November 16, 2016, grand jury proceedings. Thus, we need not determine whether this was exculpatory evidence, and we conclude that extraordinary relief is not warranted. Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Richard Scotti, District Judge
James J. Ruggeroli
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]To the extent that petitioner argues that the State failed to provide jury instructions regarding a superceding, intervening event, we decline to consider this argument as it was not raised below.