# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIS T. BROWN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE WILLIAM D.
KEPHART, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 72950

FILED

OCT 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART

This petition for a writ of mandamus challenges the district court's denial of petitioner's motion for expert services at public expense.[1] Petitioner claims that, pursuant to *Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 968 P.2d 1165 (1998), he demonstrated he qualified for

---

[1]Petitioner also challenges the denial of his pretrial petition for a writ of habeas corpus in which he challenged the probable cause determination. This court generally does not exercise its discretion to entertain a pretrial challenge to a probable cause determination, *see Kussman v Eighth Judicial Dist. Court*, 96 Nev. 544, 546, 612 P.2d 679, 680 (1980), and petitioner does not demonstrate his challenge fits within the exception this court has made for a purely legal issue, *see Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990). To the extent petitioner's claim can be construed as one that his charges should have been severed, he did not make this argument before the justice court and the caselaw he relies upon does not address proceedings at a preliminary examination. Accordingly, we deny the petition in part as it relates to this claim.

17-36507

expert services at public expense and that the district court's decision to deny the motion was arbitrary and capricious.

The decision to consider a writ of mandamus[2] is within this court's complete discretion, and generally such a writ will not issue if the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170; *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). Despite the availability of a remedy by way of an appeal should petitioner be convicted, *see* NRS 177.045, we elect to exercise our discretion and consider the petition for a writ of mandamus in the interest of judicial economy and in order to control a manifest abuse or capricious exercise of discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 779-80 (2011). A "manifest abuse of discretion" is a "clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule" and a "capricious exercise of discretion" involves a decision that is "contrary to the evidence or established rules of law." *Id.* (quotation marks omitted).

---

[2]While the petition is titled a petition for a writ of certiorari, mandamus, and/or, in the alternative, writ of prohibition, it discusses only mandamus. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Moreover, prohibition is unavailable because petitioner does not argue that the district court was without jurisdiction to hear and determine his motion, *see* NRS 34.320; *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (holding that a writ of prohibition "will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration"), and certiorari is unavailable because petitioner does not argue that the district court exceeded its jurisdiction or ruled on the constitutionality or validity of a statute, *see* NRS 34.020(2), (3).

*Widdis* holds "that the State has a duty to provide reasonable and necessary defense services at public expense to indigent criminal defendants who have nonetheless retained private counsel," and requires that a defendant make a "showing of indigency and need for the services." 114 Nev. at 1228-29, 968 P.2d at 1167-68. We have characterized an indigent person as one "who is unable, without substantial hardship to himself or his dependents, to obtain competent, qualified legal counsel on his or her own" and have provided a screening process for those defendants who do not fall within a presumptive category of substantial hardship by allowing for consideration of a defendant's "particular circumstances, including seriousness of charges being faced, monthly expenses, and local private counsel rates." In the Matter of the Review of Issues Concerning Representation of Indigent Defendants in Criminal and Juvenile Delinquency Cases, ADKT No. 411 (Order, January 4, 2008). Additionally, we have held that a determination of indigency does not require a demonstration that the person "is entirely destitute and without funds." *Rodrigues v. Eighth Judicial Dist. Court*, 120 Nev. 798, 805-06, 102 P.3d 41, 46 (2004); *see also Lander Cty. v. Bd. of Trustees of Elko Gen. Hosp.*, 81 Nev. 354, 360-61, 403 P.2d 659, 662 (1965) (recognizing that "a person does not have to be completely destitute and helpless to be considered a destitute or indigent person, but can have some income or own some property").

With regard to the first prong of *Widdis*, a demonstration of indigency, the district court concluded that petitioner was not indigent because his financial situation had improved since being found indigent in the justice court—he had reduced his monthly debts, he had procured a job, and he was able to retain the services of counsel through financial assistance from family. The district court's logic, however, works to

SUPREME COURT
OF
NEVADA

(O) 1947A

3

disincentivize a defendant's efforts to better their financial situation by reducing liability and obtaining income, and it contradicts the logic we employed in *Widdis*. 114 Nev. at 1229, 968 P.2d at 1168 ("Although the use of public funds in this manner may appear to be a misuse of such funds, we feel that a contrary rule would have a greater negative impact on scarce public resources by creating disincentives for defendants to seek private representation at their own expense."). Further, despite petitioner's financial improvement, he represented he had minimal assets that were insufficient to satisfy his basic necessities and a debt-to-income ratio of roughly 200%, all while facing serious charges with possible sentences of life imprisonment. Given petitioner's circumstances, we conclude the district court capriciously exercised its discretion by finding that petitioner was not indigent, or put another way, was able to afford an investigator and/or an expert without substantial hardship.

As for the second prong of *Widdis*, a demonstration of need, the district court concluded that petitioner made a cursory showing at best. Given petitioner's proffer regarding the necessity of an investigator (to serve subpoenas, obtain witness statements and investigate the circumstances of the allegations) and an expert (to testify regarding psychological issues involving child testimony, parental influence on that testimony, children's motivation regarding false allegations, and the influence upon a child's accusations in a sexual prosecution), we conclude the district court manifestly abused its discretion by concluding petitioner had not demonstrated that the services of the investigator and expert were reasonably necessary.

Lastly, the district court implied a third prong could be gleaned from the dissent in *Widdis*, requiring a petitioner to request a sum certain.

 

We disagree with the notion that the failure to request a sum certain is fatal to a motion for expert services. Rather, the district court may inquire as to the expected cost for the services, limit the amount granted to a sum certain with leave to ask for additional funds if necessary, and/or take any other additional measures it deems prudent in reasonably limiting the expenditure.

As we have concluded that the district court capriciously exercised and manifestly abused its discretion when it denied petitioner's motion for expert services at public expense, we

ORDER the petition DENIED IN PART AND GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying petitioner's motion for expert services at public expense and to reconsider the motion consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. William D. Kephart, District Judge
Gary A. Modafferi
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk