# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO SALAZAR,
Petitioner,

vs.

THE FOURTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF ELKO;
AND THE HONORABLE MASON E.
SIMONS, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 85313

FILED

NOV 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus, or alternatively prohibition, challenges the district court's denial of a pretrial petition for a writ of habeas corpus and motion for reduction of bail or own recognizance release.

Traditionally, a writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest abuse or arbitrary or capricious exercise of discretion.[1] NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion

---

[1]Petitioner alternatively seeks a writ of prohibition. However, "[a] writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration." *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980).

22-36084

is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks and citations omitted). "[T]raditional mandamus relief does not lie where a discretionary lower court decision results from a mere error in judgment." *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1197 (2020) (internal quotation marks omitted). Even when the requirements of a traditional writ of mandamus are not met, this court may consider advisory mandamus relief "[w]here the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction." *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007). It is solely within this court's discretion whether to entertain a mandamus petition. *Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019).

Having considered the pleadings and record, we conclude that extraordinary relief is not warranted in this case. Petitioner's challenge to whether sufficient identification evidence was presented at the preliminary hearing is the type of challenge disfavored by this court because it does not present a purely legal issue. *See Kussman v. Eighth Judicial Dist. Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980) (explaining that review of pretrial probable cause determination through an original writ petition is disfavored); *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991) (entertaining a pretrial challenge where the petition presented a purely legal issue). Petitioner further has not demonstrated a manifest abuse or arbitrary or capricious exercise of discretion in the denial of his motion to reduce bail. Petitioner has not

presented a cogent argument explaining how the district court abused its discretion in denying his motion to reduce bail. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). And even were we to examine the justice court's decision, we discern no manifest abuse or arbitrary or capricious exercise of discretion in its decision setting bail in this case. *See Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 163-67, 460 P.3d 976, 985-88 (2020). Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:  Hon. Mason E. Simons, District Judge
Evenson Law Office
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.