[Civ. No 7546.   Fourth Dist.   April 22, 1964]

ROBERT MOTT, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.

Frank L. Williams, Jr., Public Defender, and Frank C. Scanlon, Deputy Public Defender, for Petitioner.

Kenneth Williams, District Attorney, and James Smith, Deputy District Attorney, for Respondent.

BROWN (Gerald), J.—Petitioner Robert Mott and others were indicted by the grand jury and charged with conspiracy (Pen. Code, § 182) in having conspired to accept bets (Pen. Code, § 337a). Petitioner's motion to have the indictment set aside on the ground that it was without reasonable or prob-

able cause was denied. He then proceeded in prohibition to prevent the superior court from trying him as charged.

The facts are not in dispute. Kenneth Stitz, a deputy sheriff, watched one Billie Barbee about a month, during which time Barbee returned to the same places each day of the week. An investigator for the district attorney, Ray Miller, observed petitioner with Barbee at the entrance of a liquor store; petitioner removed a piece of white paper from his wallet, which he cupped in his hand when Miller passed by; Miller heard petitioner say to Barbee, "I know where you live, so we will be able to make some sort of arrangements." A week later when Barbee was arrested a search of his car disclosed such items as a scratch sheet, a sports page, betting markers, and O-sheets. Without preliminary foundation of voluntariness, Miller testified petitioner confessed to taking bets for Barbee in exchange for a 5 per cent commission.

█ Unless the confession was proper evidence before the grand jury, it is obvious that there was insufficient evidence to indict petitioner for conspiracy to accept wagers. Our sole query, therefore, is whether the confession was evidence which could be considered by the grand jury, in the absence of testimony that it was voluntary. The answer is "No."

In trial, testimony of a confession may be introduced only after it has been shown to be voluntary, unless waived by a defendant. (*People* v. *Trout*, 54 Cal.2d 576, 583 [6 Cal.Rptr. 759, 354 P.2d 231, 80 A.L.R.2d 1418] ; *People* v. *Gonzales*, 24 Cal.2d 870, 876 [151 P.2d 251] ; *People* v. *Berve*, 51 Cal.2d 286, 291 [332 P.2d 97] ; *People* v. *Grace*, 166 Cal.App.2d 68, 73 [332 P.2d 811].) Evidence presented to the grand jury must be "none but legal evidence. ..." (Pen. Code, § 939.6.) Legal evidence, among other requirements, must be competent evidence. (*People* v. *Crosby*, 58 Cal.2d 713, 719, 726 [25 Cal.Rptr. 847, 375 P.2d 839].) Therefore, a grand jury may receive only the same type of evidence which a court of law may entertain, i.e., legally competent evidence. Hence a foundation of voluntariness must be established. None having been laid here, there was no competent or sufficient evidence to support the indictment. █ There could be no waiver by petitioner, since he had no opportunity to object. (*Dong Haw* v. *Superior Court*, 81 Cal.App.2d 153, 159 [183 P.2d 724].)

Let a peremptory writ of prohibition issue as prayed.

Griffin, P. J., and Coughlin, J., concurred.