## PEOPLE OF THE TERRITORY OF GUAM
### v.
### FRANCISCO P. DE JESUS, Defendant

Criminal Case No. 5F-78

Superior Court of Guam

February 23, 1978

ABBATE, *Presiding Judge*

### DECISION

This matter comes before the Court on defendant's Motion to Dismiss the Indictment against him filed February 3, 1978, and argued February 10, 1978. Defendant's motion is based on the lack of competent evidence to establish three essential elements: (1) the identity of the murder victim; (2) the voluntariness of defendant's statement; and (3) compliance with procedural safeguards under *Miranda v. Arizona,* 384 U.S. 436.

In the past this Court was reluctant to dismiss an indictment on the ground of insufficient evidence before the grand jury. See *People v. Viloria*, S.C. Criminal Case No. 324F-77; *United States v. Costello*, 350 U.S. 359, 76 S.Ct. 406 (1956). Prior to January 1, 1978, indictments were handed down pursuant to Rules 6 and 7 of the old Guam Rules of Criminal Procedure. Now, however, indictments are measured by the standards set forth in Chapter 50 of the new Rules of Criminal Procedure (Public Law 13–186).

Section 50.42 of the new Code reads:

> The grand jury shall receive only evidence which would be admissible over objection at the trial of a criminal action but the fact that evidence which would have been excluded at trial was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

Whereas under the old rules virtually *any* evidence would support an indictment, § 50.42 specifies that the grand jury may consider only competent evidence which would be admissible over objection at trial.

■ The indictment handed down against De Jesus was based entirely on a statement given police officers by the defendant. A confession is not admissible into evidence at trial absent the introduction of a proper foundation of voluntariness.

California Penal Code § 939.6 is similar to § 50.42 in that it requires an indictment to be based upon admissible evidence. In *Mott v. Superior Court*, 226 Cal.App.2d 617, 38 Cal. Rptr. 247 (1964), the court dismissed an indictment based upon a confession where the grand jury received no preliminary foundation of voluntariness. As stated at page 618:

> A grand jury may receive only the same type of evidence which a court of law may entertain, i.e., legally competent evidence. Hence

a foundation of voluntariness must be established. None having been laid here, there was no competent or sufficient evidence to support the indictment.

Defendant here maintains that the foundation laid before the grand jury was insufficient to support admission of the confession. The only foundation appeared on page 4 of the grand jury transcript:

Q Prior to the interview with him did you advise him of his constitutional rights?
A Yes, sir.
Q Did you make any promises to him or did you use any force to obtain a statement?
A No, sir.

This was the only evidence of voluntariness to be found in the transcript. At least one grand juror had doubts whether the confession was voluntary.

Q How did you get De Jesus' statement?
A I don't think that would be appropriate under the circumstances.
Transcript page 16.

 This Court is of the opinion that it was appropriate under the circumstances. The grand jury should have received more than cursory, conclusory statements as to the facts surrounding De Jesus' confession. This Court does not hold that the same technical foundation for admission of evidence at trial is required to be put before the grand jury. See *People v. Olf*, 195 Cal.App.2d 97, 104, 15 Cal. Rptr. 390 (1961). It is held only that the foundation laid here was insufficient to support the indictment.

Defendant's Motion to Dismiss the Indictment is granted.

SO ORDERED.