JOHN MORAN, Sheriff of Clark County, Nevada and STATE OF NEVADA, Appellant, v. CHARLES ROBERT SCHWARZ, Respondent.

No. 22886

March 5, 1992                    826 P.2d 952

---

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Appellant.

*John Manzonie,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On April 19, 1990, a grand jury convened to consider whether to charge respondent Charles Robert Schwarz with solicitation to commit murder and attempted murder. Respondent was accused of having solicited two men to kill Thomas Susman in exchange for money and jewelry, and of having provided them with information about Susman so that they could carry out the murder. Both men testified before the grand jury that on April 6, 1990, respondent offered them remuneration to murder Susman. No criminal act was committed as a result of that solicitation. This was sufficient evidence to establish probable cause that respondent committed two counts of solicitation in violation of NRS 199.500(2).[1]

---

[1]Of course, we draw no conclusions regarding respondent's guilt or innocence. We simply conclude that sufficient evidence was presented to the grand jury to establish probable cause to support two counts of solicitation against respondent as charged in the indictment.

Respondent filed a petition for a writ of habeas corpus seeking to have the indictment dismissed. He contended, *inter alia,* that in a subsequent conversation with one of the solicitees, he renounced his intention to have Susman killed; that the conversation had been tape recorded by the police; and that the district attorney violated NRS 172.145(2) by failing to play the tape for the grand jury because the tape would "explain away the charge." The district court agreed and granted the petition without prejudice. This appeal followed.

NRS 172.145 requires the grand jury to hear, and the district attorney to submit, known evidence which will explain away the charge. Specifically, NRS 172.145(2) states: "If the district attorney is aware of any evidence which will explain away the charge, he shall submit it to the grand jury." In Sheriff v. Frank, 103 Nev. 160, 165, 734 P.2d 1241, 1245 (1987), we held that a district attorney's refusal to fulfill this duty, combined with the presentation of inadmissible hearsay, "irreparably impaired the proper performance of the grand jury's mission to pursue its investigation independently," and thus justified granting a pretrial petition for a writ of habeas corpus. Accordingly, we will reverse in this case only if the evidence at issue does not tend to "explain away the charge." Preliminarily, we note that, by presenting evidence that respondent recanted, the district attorney fulfilled the duty imposed by NRS 172.145(2). The district attorney was not under a further duty to reveal all of the investigatory steps taken by the police in developing the case. Moreover, as explained below, we hold that in this case the tape does not explain away the solicitation charges; accordingly, the district attorney was under no obligation to present the tape to the grand jury.

Although we have never before reached this issue, we now expressly hold that a subsequent renunciation or withdrawal is not a defense to the crime of solicitation. Other jurisdictions have so held. *See, e.g.,* State v. Boehm, 379 N.W.2d 874 (Wis. Ct.App. 1985); People v. Miley, 158 Cal. App. 3d 25 (Ct.App. 1984). One of the purposes of the statute making solicitation a crime is "to avoid citizen exposure to inducements to commit crime." *Miley,* 158 Cal. App. 3d at 34 (emphasis omitted). Unlike other criminal offenses, in the crime of solicitation, "the harm *is* the asking—nothing more need be proven." *Id.* (emphasis in original). Because renunciation or withdrawal cannot undo that which has already been done, it "has no effect on the elements of solicitation." *Boehm,* 379 N.W.2d at 876.

NRS 199.500 does not make renunciation or withdrawal a defense to the crime of solicitation. The crime is complete once the request is made. In this case, the taped conversation in which respondent renounced his intention to have Susman killed was held several days *after* the original solicitation. Thus, evidence that respondent subsequently changed his mind does not alter the testimony that on April 6, 1990, respondent solicited two men to commit murder. Therefore, the taped conversation did not tend to "explain away the charge" of solicitation of murder and the district attorney was under no obligation to present it to the grand jury.

Accordingly, we reverse the order of the district court granting respondent's pretrial petition for a writ of habeas corpus. We remand this matter to the district court with instructions to reinstate the indictment, and for further proceedings consistent with this opinion.[2]

---

[2]The state has conceded that insufficient evidence was presented to the grand jury to establish probable cause that respondent committed attempted murder. Accordingly, the indictment should be amended to omit count III, attempted murder.