SHERIFF, CLARK COUNTY, NEVADA, JOHN T. MORAN, Appellant, v. THOMAS EDWARD HARRINGTON, Respondent.

No. 23319

October 22, 1992                         840 P.2d 588

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Appellant.

*Joseph W. Houston, II,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal by the state from an order of the district court granting respondent Harrington's pretrial petition for a writ of habeas corpus.

On December 9, 1991, and December 17, 1991, a preliminary hearing was held on various charges against Harrington. Following the preliminary hearing, the justice of the peace dismissed Count I, felony driving under the influence of intoxicating liquor. The justice of the peace dismissed the felony DUI count based on his conclusion that Harrington's prior DUI conviction from 1990 was constitutionally infirm for enhancement purposes.[1]

---

[1] We note that the justice of the peace erred in concluding that Harrington's prior DUI conviction from 1990 was constitutionally infirm for enhancement purposes. The evidence presented to the justice of the peace to substantiate the existence of Harrington's 1990 conviction, when taken together, demonstrates that Harrington was represented by counsel and that the spirit of constitutional principles was respected. Thus, Harrington's 1990 conviction was valid for enhancement purposes. *See* Dressler v. State, 107 Nev. 686, 819 P.2d 1288 (1991) (citing Koening v. State, 99 Nev. 780, 672 P.2d 37 (1983)).

Having been unsuccessful in the preliminary hearing, the state next went before the grand jury. Following a hearing on January 9, 1992, the Clark County Grand Jury returned a true bill. On January 10, 1992, the state filed an indictment against Harrington charging him with felony DUI. The indictment charged that Harrington had previously been convicted of DUI in Las Vegas, Nevada, on both August 15, 1989, and December 18, 1990.

On February 25, 1992, Harrington filed a pretrial petition for a writ of habeas corpus based on a claim that the state had failed to present exculpatory evidence to the grand jury. Specifically, Harrington claimed that the state should have presented to the grand jury the fact that in the preliminary hearing, the justice of the peace determined that Harrington's 1990 DUI conviction was constitutionally infirm for enhancement purposes. The state opposed issuance of the writ. On April 22, 1992, the district court entered an order granting Harrington's petition and dismissing the case. This appeal followed.

NRS 172.145(2) provides:

> If the district attorney is aware of any evidence which will explain away the charge, he shall submit it to the grand jury.

In Sheriff v. Frank, 103 Nev. 160, 165, 734 P.2d 1241, 1244 (1987), this court held that a deputy district attorney violated his duty under NRS 172.145(2) by failing to submit evidence to the grand jury which had "a tendency to explain away" the charge against the defendant.

After examining the record, we conclude that the district court erred in granting Harrington's pretrial petition for a writ of habeas corpus. Specifically, we conclude that the ruling of the justice of the peace was not evidence regarding the charge, but was rather an opinion on a legal issue. Such an opinion is not evidence, and it does not tend to negate Harrington's guilt. It could not, for example, be introduced at trial as evidence of Harrington's guilt of the instant offense. See NRS 484.3792(2) ("[t]he facts concerning a prior offense must . . . not be read to the jury or proved at trial but must be proved at the time of sentencing"); Koenig v. State, 99 Nev. 780, 783-84, 672 P.2d 37, 39 (1983) (former NRS 484.379(5), cf. NRS 484.3792(1)(c), does not set forth a separate offense specifying prior convictions as separate elements). The fact that the justice of the peace, following a preliminary hearing, did not bind an accused over on a particular charge is simply part of the procedural history of the case. It is not evidence regarding the accused's guilt.[2]

---

[2]A second potential issue exists as to whether the district court erred by

Accordingly, we reverse the order of the district court granting Harrington's pretrial petition for a writ of habeas corpus and remand this case to the district court for further proceedings consistent with this opinion.

---

granting Harrington's petition purely on the basis that exculpatory evidence had not been presented. Even if the evidence in question had been exculpatory, the further issue remained as to whether the failure to present it "destroyed the existence of an independent and informed grand jury." *See* Sheriff v. Frank, 103 Nev. 160, 166, 734 P.2d 1241, 1245 (1987). We find it unnecessary to reach this issue.