*1200 OPINION

Per Curiam:

This is an appeal by the State from a district court order granting respondent Thomas Harrington’s second pretrial petition for a writ of habeas corpus. The facts underlying this appeal as they pertain to the charges filed against Harrington and his first petition for writ of habeas corpus are fully set forth in Sheriff v. Harrington, 108 Nev. 869, 840 P.2d 588 (1992) (Harrington I) and need not be repeated here. In summary, the first petition was granted on grounds that the State had failed to inform the indicting grand jury that a justice of the peace had concluded at Harrington’s preliminary hearing that one of Harrington’s prior DUI convictions was constitutionally infirm for enhancement purposes. On appeal of that order, this court held in Harrington I that the conclusion reached by the justice of the peace with reference to the prior DUI charge was not exculpatory evidence wrongfully withheld from the grand jury; it was simply an opinion on a legal issue and part of the procedural history of the case. In addition to the essential holding in Harrington I, this court gratuitously commented in footnote 2 of the opinion:
A second potential issue exists as to whether the district court erred by granting Harrington’s petition purely on the basis that exculpatory evidence had not been presented. Even if the evidence in question had been exculpatory, the further issue remained as to whether the failure to present it “destroyed the existence of an independent and informed grand jury.” See Sheriff v. Frank, 103 Nev. 160, 166, 734 P.2d 1241, 1245 (1987). We find it unnecessary to reach this issue.
Harrington, 108 Nev. at 871-72, 840 P.2d at 589 (1992).
Following remand in Harrington 1, further proceedings took place in the district court relating to the petition for a writ of habeas corpus. When the district attorney expressed some confusion as to why the petition was again being considered following this court’s reversal in Harrington I, the district court alluded to the language in footnote 2 of Harrington I and presumed this court wanted it to “decide that potential issue.” Accordingly, the district court ordered the parties to submit briefs on the issue. After the parties submitted their briefs, the district court, for a second time, granted Harrington’s petition for writ of habeas corpus. This appeal ensued.
With reference to the second order granting the petition for a writ of habeas corpus, Harrington reiterates the same arguments *1201 addressed by this court in Harrington I, asserting that the district court properly granted his petition because of the infirmity of one of his earlier DUI convictions and the State’s failure to present evidence regarding the infirmity to the grand jury. The State maintains that this court had already resolved those issues and that the district court improperly interpreted this court’s Harrington I opinion as inviting further review.
In accordance with the State’s argument, we conclude that this court has already determined that the grounds on which Harrington petitioned for a second writ of habeas corpus are without merit. More particularly, this court concluded in Harrington I that the opinion of the justice of the peace on Harrington’s prior DUI charge was not exculpatory evidence, and that the State, therefore, was not required to present the opinion to the grand jury. 108 Nev. at 871, 840 P.2d at 589. Moreover, this court determined that the opinion of the justice of the peace on the prior DUI charge was erroneous. Id. at 870, 840 P.2d at 588 n.l.
Footnote 2 in the Harrington I opinion did not constitute an invitation for revisiting the aforementioned issues upon remand; rather, footnote 2 simply noted that even if this court had concluded (which it did not) that the state had failed to present exculpatory evidence to the grand jury, we nevertheless might have reversed the district court based upon an analysis of whether the failure to present the exculpatory evidence “destroyed the existence of an independent and informed grand jury.” We discussed this two-step analysis to provide guidance in those cases, unlike the one now before this court, where exculpatory evidence has been omitted.
Other issues raised by Harrington during oral argument have been fully considered and determined to be without merit.
For the reasons set forth above, we again reverse the order of the district court granting Harrington’s pretrial petition for a writ of habeas corpus and again remand this case to the district court for further proceedings consistent with this opinion.