An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BENNY HAMMONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63648

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

On appeal from the denial of his February 29, 2012, petition, appellant first argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual

14-30891

findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for conceding that appellant should be adjudicated a habitual criminal. Appellant has failed to demonstrate deficiency or prejudice. In support of his argument, appellant points to *Jones v. State*, in which this court held that trial counsel was ineffective for conceding in closing argument during the guilt phase of a jury trial that his client was guilty of a lesser-included offense where the concession directly contradicted his client's own testimony. 110 Nev. 730, 738, 877 P.2d 1052, 1057 (1994). *Jones* was expressly limited to its facts, *id.* at 739, 877 P.2d at 1057, and is thus inapposite here where counsel conceded before the sentencing judge to habitual criminal treatment and did not contradict any testimony of appellant at trial. Further, the district court's finding that it was a reasonable strategic decision of counsel is supported by substantial evidence in the record. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to object to appellant's adjudication as a habitual criminal on the grounds that the district court did not follow the proper procedures. Specifically, appellant argues that the evidence of his prior convictions was not formally offered and accepted into evidence, the district court did not state on the record that the prior convictions were valid and proper for enhancement purposes, he was not given an opportunity to admit or deny

their validity, and the district court did not first sentence him on the substantive crime charged and then invoke the recidivist statute to determine the penalty. Appellant has failed to demonstrate deficiency or prejudice. This court has never required a formal offering and acceptance of evidence of prior convictions, *see Hymon v. State*, 121 Nev. 200, 215-16, 111 P.3d 1092, 1103 (2005), nor has it required the articulation of "talismanic phrases," *cf. Avery v. State*, 122 Nev. 278, 284, 129 P.3d 664, 668 (2006). Further, trial counsel testified at the evidentiary hearing that he had reviewed the prior convictions with appellant and that appellant did not indicate that any were invalid. Appellant's testimony contradicted this, but the district court found him to be largely incredible. Also, the judgment of conviction unequivocally demonstrated that appellant was convicted of the primary offenses, was adjudicated a habitual criminal, and was sentenced accordingly. Finally, appellant failed to demonstrate prejudice where, even were the procedures improper, a successful objection would simply have resulted in the use of the proper procedure but not a reasonable probability of a different outcome. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to object to appellant's adjudication as a habitual criminal on the ground that the State failed to prove beyond a reasonable doubt the existence of each prior conviction and that each was a felony. Appellant has failed to demonstrate deficiency or prejudice. Where the state in which the crime was committed considers the crime to be a felony, it is a felony for purposes of habitual criminal adjudication regardless of whether it would

be a felony in Nevada. *See* NRS 207.010(1)(b). Moreover, appellant has neither alleged nor demonstrated by a preponderance of the evidence that any of his prior felony convictions were invalid and, accordingly, has failed to demonstrate a reasonable probability of a different outcome had counsel objected. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective when he persuaded appellant to waive his preliminary hearing because, had he not done so, counsel could have learned who knew of the victim's safe in order to explore their motives and opportunities to commit the crime and could have questioned the victim why, on the day of the crime, her written police statement listed several possible suspects but did not include appellant. Appellant has failed to demonstrate deficiency or prejudice. Substantial evidence in the record supports the district court's finding that it was a reasonable strategic decision of counsel and that counsel was in fact aware of and had investigated many of the leads and alternative suspects appellant suggests he should have. Further, although appellant failed to provide this court with the victim's written police statement, *see Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."), the record reflects that at the time she reported the theft, the victim told detectives about appellant and gave them the paper on which he had written his name and number. Moreover, appellant presented no evidence at his evidentiary hearing of what additional leads or information would have developed from a preliminary hearing, and accordingly, he failed to demonstrate a

reasonable probability of a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant argues that counsel was ineffective for failing to conduct adequate pretrial investigation. Appellant has failed to demonstrate deficiency or prejudice. Appellant did not demonstrate by a preponderance of the evidence that law enforcement stopped their investigation as soon as they identified appellant's prints and thus did not demonstrate that counsel was objectively unreasonable in not investigating why they did. Also, the record demonstrates that counsel made reasonable strategic decisions not to call J. Hightower as a witness where he would not have been credible nor testified in a manner that would have helped appellant and not to present appellant's cell phone records that, at best, would have had no effect on the case. Moreover, appellant failed to present any evidence at the evidentiary hearing of what a more thorough investigation would have yielded or how it would have affected the outcome of the trial, *id.*, nor did he demonstrate a reasonable probability of a different outcome where none of the hoped-for evidence would have explained his fingerprints on the inside of the locked closet where the stolen safe was kept. We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to challenge the State's fingerprint evidence. Appellant has failed to demonstrate deficiency or prejudice. Counsel retained a fingerprint expert to review the State's evidence, and the defense expert concurred with the

State's expert that appellant's fingerprints were recovered from both the inside and outside of the locked closet. Further, the district court's finding that counsel made a strategic decision to offer an alternative explanation for the presence of the prints instead of challenging their accuracy was supported by substantial evidence in the record. Moreover, appellant's references to a vacated federal case from Pennsylvania and to an article questioning in general the rigor of the science underlying fingerprint analysis failed to demonstrate by a preponderance of the evidence that there was any admissible evidence that counsel could have used to impeach the accuracy of the fingerprint identification, *see, e.g., Sheriff v. Harrington*, 108 Nev. 869, 871, 840 P.2d 588, 589 (1992) (holding that the ruling of a court is an opinion, not evidence), and, accordingly, failed to demonstrate a reasonable probability of a different outcome had counsel challenged the evidence. *See Molina*, 120 Nev. at 192, 87 P.3d at 538. We therefore conclude that the district court did not err in denying this claim.

Seventh, appellant argues that counsel was ineffective for failing to argue at sentencing that appellant's criminal history was primarily of non-violent, theft-related crimes, that he was employable and had family that he may never see again if adjudicated a large habitual criminal, and that he had health issues that would render his sentence the equivalent of life without the possibility of parole. Appellant has failed to demonstrate deficiency or prejudice. The record demonstrates that the sentencing court was well aware of the nature of appellant's criminal past and the presentence investigation report indicated that appellant was unemployed at the time of the crime and suffered from diabetes and high

blood pressure. Moreover, in light of his extensive criminal history spanning decades and the sentencing court's statement that it would have considered an even stronger sentence than what the State advocated for and what was imposed, appellant has failed to demonstrate a reasonable probability of a more favorable sentence had counsel highlighted this mitigating information. We therefore conclude that the district court did not err in denying this claim.

Eighth, appellant argues that counsel was ineffective for failing to object when the State commented on his silence which shifted the burden of proof in closing argument because, had counsel done so, this court would have analyzed those assignments of error under a more favorable standard of review, resulting in a different outcome on direct appeal. Appellant has failed to demonstrate deficiency or prejudice. On direct appeal, this court held that the State's remarks were not a comment on appellant's silence, *Hammons v. State*, Docket No. 55801 (Order of Affirmance, September 14, 2011) and that ruling is the law of the case, *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Appellant thus failed to demonstrate that counsel was objectively unreasonable in not objecting to the argument and that there was a reasonable probability of a different outcome had counsel objected. We therefore conclude that the district court did not err in denying this claim.

Appellant next argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective

standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

First, appellant argues that counsel was ineffective for failing to challenge appellant's adjudication as a habitual criminal on the grounds that some prior convictions were not felonies and that the district court did not use the proper procedures to adjudicate appellant a habitual criminal. For the reasons discussed previously, appellant has failed to demonstrate that appellate counsel was deficient or that he was prejudiced. We therefore conclude that the district court did not err in denying these claims.

Second, appellant argues that counsel was ineffective for failing to provide this court with a transcript in support of appellant's direct-appeal claim that the district court erred in denying his request for new trial counsel. Appellant has failed to demonstrate deficiency or prejudice. Although this court noted on direct appeal that appellant failed to provide the transcript for the hearing at which the district court ruled on appellant's request, this court did affirm the district court's decision based on the minutes of the hearing. *See Hammons v. State*, Docket No. 55801 (Order of Affirmance, September 14, 2011). Appellant has again failed to provide this court with transcripts of the relevant hearing. *See Greene*, 96 Nev. at 558, 612 P.2d at 688. Thus appellant has failed to demonstrate by a preponderance of the evidence that the transcripts

differed substantially from the minutes on which this court relied and, accordingly, has failed to demonstrate that counsel was objectively unreasonable in not providing the transcript or that there was a reasonable probability of a different outcome on appeal had counsel provided them. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to argue that trial counsel erred in conceding that appellant should be adjudicated a habitual criminal. Appellant has failed to demonstrate deficiency because ineffective-assistance claims are generally inappropriate to raise on direct appeal. *See Pellegrini v. State*, 117 Nev. 860, 882-83, 34 P.3d 519, 534-35 (2001). We therefore conclude that the district court did not err in denying this claim.

Appellant next argues that he was denied the right to testify on his own behalf, that the length of his sentence constituted cruel and unusual punishment, and that the cumulative effect of trial error deprived him of due process. These claims could have been raised on direct appeal, *Hammons v. State*, Docket No. 55801 (Order of Affirmance, September 14, 2011), and are therefore procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.810(1)(b). Appellant made no cogent argument of good cause or actual prejudice in his opening brief,[1]

---

[1]In his reply brief, appellant claims that appellate counsel was ineffective for not raising the first two claims on direct appeal and appears to suggest that the cumulative errors of trial and appellate counsel warrant relief under *Strickland*. However, arguments on appeal may not

*continued on next page...*

and we therefore conclude that the district court did not err in denying these claims.

Finally, appellant lists several claims that had been raised in his initial proper person petition for a writ of habeas corpus. They are bare assertions without any context, cogent argument, or support, and we decline to consider them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); NRAP 28(e)(2) (prohibiting incorporation by reference).

For the foregoing reasons, we conclude that appellant's claims lack merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

*...continued*
be raised for the first time in a reply brief, *see* NRAP 28(c); *Browning v. State*, 120 Nev. 347, 368 n.53, 91 P.3d 39, 54 n.53 (2004), and we therefore decline to consider these claims on their merits.

cc: Hon. James M. Bixler, District Judge
Brown Law Office
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk