**135 Nev., Advance Opinion 54**

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANDRE GATHRITE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS W. HERNDON, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77529

FILED

NOV 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order denying a pretrial petition for a writ of habeas corpus and a motion to dismiss an indictment with prejudice.

*Petition granted in part and denied in part.*

Lobo Law PLLC and Adrian M. Lobo, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander G. Chen, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

Sarah K. Hawkins, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

NRS 172.135(2) provides that only "legal evidence" may be presented to the grand jury. The primary question raised in this original proceeding is whether evidence that has been suppressed in justice court proceedings on a felony complaint is "legal evidence" that may be presented to the grand jury in support of an indictment. We conclude that such evidence is not "legal evidence" for purposes of NRS 172.135(2) and therefore cannot be presented to a grand jury so long as the justice court's suppression ruling has not been overturned before the evidence is presented to the grand jury. Here, because the justice court suppressed statements and evidence about the gun and because the State did not challenge the justice court's suppression ruling before going to the grand jury and did not present any other legal evidence to support the indictment, we conclude that the district court erroneously denied the defendant's pretrial petition for a writ of habeas corpus. We therefore grant the petition for a writ of mandamus in part.

## PROCEDURAL HISTORY

Stemming from petitioner Deandre Gathrite's alleged involvement in a deadly shooting, the State filed a criminal complaint in the justice court charging Gathrite with murder with use of a deadly weapon and possession of a firearm by a prohibited person. Before the preliminary hearing, Gathrite moved to suppress his statements to the police and the gun discovered as a result of his statements, alleging that the police had violated *Miranda v. Arizona*, 384 U.S. 436 (1966), and his Fifth Amendment privilege against self-incrimination. The justice court granted the motion and ordered the statements and the gun suppressed. The State

SUPREME COURT
OF
NEVADA

(O) 1947A

did not ask the justice court to reconsider its decision or appeal the justice court's decision to the district court. Instead, the State voluntarily dismissed the criminal complaint without prejudice and went to the grand jury solely on a charge of possession of a firearm by a prohibited person, presenting the evidence that the justice court had suppressed. The grand jury indicted Gathrite on one count of possession of a firearm by a prohibited person.

Gathrite filed a pretrial petition for a writ of habeas corpus, challenging the legal sufficiency of the evidence supporting the indictment. Gathrite primarily contended that the State erroneously presented evidence to the grand jury that had been suppressed in the justice court proceedings and did not present the grand jury with the suppression ruling.[1] In deciding the petition, the district court reviewed the justice court's suppression ruling. After conducting an evidentiary hearing and determining that the evidence was not obtained in violation of Gathrite's constitutional rights, the district court denied the petition. Gathrite now asks this court to intervene and issue a writ of mandamus.[2]

---

[1]Gathrite also filed a motion to dismiss the indictment with prejudice because, among other things, the State engaged in prosecutorial misconduct by presenting the suppressed evidence to the grand jury. We have considered Gathrite's argument that the district court was required to dismiss the indictment with prejudice based on the presentation of the suppressed evidence to the grand jury and conclude that the circumstances do not warrant that relief. *See Sheriff v. Keeney*, 106 Nev. 213, 217, 791 P.2d 55, 57 (1990) (describing reasons to dismiss with prejudice, including the elimination of prejudice and to curb prosecutorial excesses).

[2]Gathrite alternatively asks us to issue a writ of prohibition. We decline to entertain the petition to that extent because the district court had jurisdiction to consider the pretrial habeas petition and motion to dismiss. *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140,

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty arising from an office, trust, or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion. NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Issuance of an extraordinary writ is purely discretionary. *State, Office of the Attorney Gen. v. Justice Court of Las Vegas Twp.*, 133 Nev. 78, 80, 392 P.3d 170, 172 (2017). Although we ordinarily will not exercise that discretion to "review pretrial challenges to the sufficiency of an indictment," we have made exceptions when presented with a purely legal question. *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991). This is such a case. We therefore elect to consider the petition for a writ of mandamus on its merits.

Gathrite argues that insufficient legal evidence was presented to the grand jury because the State only presented evidence that had been suppressed by the justice court in earlier proceedings on a criminal complaint for the same felony offense. The Legislature has directed that "the grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence." NRS 172.135(2). In this respect, our Legislature has provided greater evidentiary constraints in grand jury proceedings than are provided in the federal system. *See Costello v. United States*, 350 U.S. 359, 362 (1956)

---

1141 (1980) ("A writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration.").

Supreme Court
of
Nevada

(O) 1947A

4

("[N]either the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act."). As we have not yet explored the meaning of "legal evidence" as used in NRS 172.135(2), we do so now.

The meaning of "legal evidence" in NRS 172.135(2) is a matter of statutory interpretation, which we review de novo even in the context of an original proceeding. *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). "[W]hen a statute's language is plain and its meaning clear, the courts will apply that plain language." *Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007).

At the time NRS 172.135 was enacted, *Black's Law Dictionary* defined "legal" as "required or permitted by law; not forbidden or discountenanced by law; good and effectual in law" or "[p]roper or sufficient to be recognized by law; cognizable in the courts." *Legal, Black's Law Dictionary* (4th ed. 1951). *Black's Law* further defined "legal evidence" as "all admissible evidence," *Legal Evidence, id.*, and "admissible evidence" as evidence that "is of such a character that the court or judge is bound to receive it; that is, allow it to be introduced," *Admissible, id.* Putting these definitions together, we conclude that "legal evidence" as used in NRS 172.135(2) means evidence that is admissible under the law. *Accord Mott v. Superior Court*, 38 Cal. Rptr. 247, 248 (Ct. App. 1964) (explaining that under a California statute that provided "none but legal evidence" may be presented to a grand jury, "a grand jury may receive only the same type of evidence which a court of law may entertain, i.e. legally competent evidence"); *see also* Sara S. Beale et al., Grand Jury Law and Practice § 4:21 (2d ed. 2018) ("Although there are generally no cases interpreting these

SUPREME COURT
OF
NEVADA

(O) 1947A

5

provisions [that use the term 'legal evidence' in describing the evidence that a grand jury may consider], the general intent appears to be to require legally admissible evidence."). That understanding of "legal evidence" also finds support in the rest of NRS 172.135(2), which excludes "hearsay or secondary evidence" from a grand jury proceeding.[3] *See* Beale, *supra*, § 4:21 ("This inference [that 'legal evidence' means legally admissible evidence] is strongest in the case of the statutes that specifically prohibit the admission of hearsay or secondary evidence."). Evidence that has been suppressed because it was obtained in violation of a defendant's constitutional rights therefore is not "legal evidence" for purposes of NRS 172.135(2) because such evidence is not admissible. *See Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (recognizing that statements obtained in violation of the privilege against self-incrimination, made without the *Miranda* warning, are inadmissible at trial); *Osburn v. State*, 118 Nev. 323, 325 n.1, 44 P.3d 523, 525 n.1 (2002) (recognizing that evidence obtained as a consequence of lawless official acts is excluded as fruit of the poisonous tree); *see also* NRS 48.025(1)(b) ("All relevant evidence is admissible, except . . . [a]s limited by the Constitution of the United States or of the State of Nevada . . . .").

The State argues that it was not bound by the justice court's suppression ruling when it went to the grand jury and therefore the evidence suppressed by the justice court could be presented to the grand jury without violating NRS 172.135(2). As support for that position, the

---

[3]The Legislature has provided that in certain circumstances affidavits may be used in lieu of live testimony, NRS 172.135(1), and that some types of hearsay evidence that would not be admissible in a court of law may be legally presented to the grand jury, NRS 172.135(2).

State relies on *Sheriff v. Harrington*, 108 Nev. 869, 840 P.2d 588 (1992). We conclude that reliance is misplaced.

In *Harrington*, the justice court dismissed a felony DUI count, determining that a prior DUI conviction was constitutionally infirm and therefore could not be used to enhance the charged offense to a felony. *Id.* at 870, 840 P.2d at 588. The State subsequently obtained a grand jury indictment for felony DUI, relying upon the same prior DUI conviction that the justice court had determined was constitutionally infirm. *Id.* at 871, 840 P.2d at 588. Harrington challenged the indictment in a pretrial petition for a writ of habeas corpus, arguing that the *decision* of the justice court was exculpatory evidence that the State was required to present to the grand jury under NRS 172.145(2).[4] *Id.* at 871, 840 P.2d at 588-89. The district court agreed and dismissed the case. *Id.* at 871, 840 P.2d at 589. On appeal, this court reversed, reasoning that the justice court's decision was not evidence. *Id.* Rather, the justice court's decision was a legal opinion about an issue relevant to sentencing. *Id.* Likewise, a judge's suppression ruling is not evidence, and thus, *Harrington* closes the door on Gathrite's argument that the State had to present the justice court's *suppression ruling* to the grand jury. But the *Harrington* court did not consider whether *evidence* suppressed by the justice court is legal evidence for purposes of NRS 172.135(2)—that statute is not mentioned at all in *Harrington*. Consequently, *Harrington* does not support the State's argument relating to NRS 172.135(2).

---

[4]NRS 172.145(2) states, "If the district attorney is aware of any evidence which will explain away the charge, the district attorney shall submit it to the grand jury."

The State also argues more broadly that the justice court's suppression ruling is not binding outside the proceedings in that court. The argument holds some appeal. After all, when the justice court binds a defendant over for trial in district court, it is not uncommon for the prosecution and defense to relitigate any suppression rulings the justice court may have made before or during the preliminary hearing. This court has never questioned the district court's authority to decide those issues anew after a bind over, and we are not inclined to do so now. Despite the argument's appeal in that respect, it has little bearing on the question here: Is evidence that has been suppressed by the justice court before or during a preliminary hearing "legal evidence" that can be presented to the grand jury consistent with NRS 172.135(2)? Our statutory scheme suggests it is not.

The Nevada Legislature has authorized justice courts to suppress illegally obtained evidence before or during a preliminary hearing, *Grace v. Eighth Judicial Dist. Court*, 132 Nev. 511, 513-14, 375 P.3d 1017, 1018 (2016), and allowed the State to challenge the justice court's suppression ruling through an expedited appeal to the district court,[5] NRS 189.120; *see also Grace*, 132 Nev. at 518, 375 P.3d at 1021 (concluding that "NRS 189.120 plainly allows the State to appeal a justice court's suppression order, made during a preliminary hearing, to the district court"). At the same time, the Legislature has allowed the State to proceed to a grand jury where it previously dismissed a criminal complaint voluntarily, *see* NRS 178.562(1) (providing that voluntary dismissal of a complaint under NRS 174.085 does not bar another prosecution for the same offense), and where the justice court has discharged a defendant on a

---

[5]Here, the State also could have asked the justice court to reconsider its decision. *See, e.g.*, JCRLV 11.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

criminal complaint after a preliminary hearing, NRS 178.562(2) (providing that "discharge of a person accused upon preliminary examination . . . does not bar the finding of an indictment"). When the State does so, it starts a new case before the grand jury. *Warren v. Eighth Judicial Dist. Court*, 134 Nev. 649, 652, 427 P.3d 1033, 1036 (2018).

But the new proceeding before the grand jury must comply with the evidentiary constraints the Legislature has provided, such as the requirement in NRS 172.135(2) that the grand jury receive "none but legal evidence." Although the Legislature has provided some exceptions to those evidentiary constraints, *e.g.*, NRS 172.135(2)(a)-(b) (allowing the grand jury to consider certain hearsay evidence in limited circumstances), it has not made an exception for evidence suppressed by the justice court before or during a preliminary hearing on a complaint. Similarly, the Legislature has not expressly limited the legal effect of the justice court's suppression ruling when the State starts a new case in the grand jury. It easily could have done so. *Cf.* Cal. Penal Code § 1538.5(j) (West 2011) (providing that a suppression ruling is not binding in subsequent probable cause proceedings, with certain exceptions, when the defendant is not held to answer at the preliminary hearing). Nor can we imply an exception or limit on the effect of the justice court's suppression ruling from the text of the statutes allowing the State to proceed to a grand jury after a voluntary dismissal of a complaint or discharge of a defendant upon a preliminary hearing.[6] We are particularly reticent to imply an exception when the Legislature has

---

[6]In contrast, NRS 178.562(2) limits the effect of the justice court's decision to discharge a defendant upon a preliminary hearing by explicitly providing that it "does not bar the finding of an indictment."

expressed its desire to provide greater protection to Nevada citizens by imposing evidentiary constraints in grand jury proceedings.

Considering the balance struck by the Legislature in providing an expedited appeal of a justice court's suppression ruling and limiting the evidence that a grand jury can receive, we hold that when a judge suppresses evidence before or during a preliminary hearing and the State has not successfully challenged the suppression ruling, NRS 172.135(2) precludes the State from presenting the suppressed evidence to the grand jury.[7] Because the State did not present the grand jury with anything but the suppressed evidence, the district court manifestly abused its discretion in denying the pretrial habeas petition.[8] *See Rugamas v. Eighth Judicial Dist. Court*, 129 Nev. 424, 436, 305 P.3d 887, 896 (2013) (recognizing that an indictment is fatally deficient where insufficient evidence is presented to support the probable cause determination); *Robertson v. State*, 84 Nev. 559, 561-62, 445 P.2d 352, 353 (1968) (recognizing that an indictment will be sustained even if inadmissible evidence was presented to the grand jury so long as "there [was] the slightest sufficient legal evidence" presented); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (explaining that a lower court's clearly erroneous interpretation or application of the law is a manifest abuse of discretion).

---

[7]Not every evidentiary determination made by a judge before or during a preliminary hearing is a "suppression ruling." A suppression ruling is one that excludes evidence because it was illegally obtained, generally in violation of the Fourth, Fifth, or Sixth Amendments to the United States Constitution. *See State v. Shade*, 110 Nev. 57, 62-63, 867 P.2d 393, 396 (1994) (discussing definition of "motion to suppress").

[8]In light of our decision, we decline to consider the merits of the justice court's suppression ruling.

Accordingly, we grant the petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Gathrite's pretrial petition for a writ of habeas corpus and enter an order consistent with this opinion. We deny the petition in all other respects.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A