140 Nev., Advance Opinion 50

IN THE SUPREME COURT OF THE STATE OF NEVADA

FAHD MASHIN DAYANI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ERIC
JOHNSON, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 86847



FILED

AUG 22 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss a criminal indictment.

*Petition granted.*

Clark Hill PLLC and Dominic P. Gentile, Austin T. Barnum, and Tiffany Solari, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Christopher J. Lalli, Assistant District Attorney, and Jonathan E. VanBoskerck, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

24-30018

*OPINION*

By the Court, PARRAGUIRRE, J.:

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss an indictment based on alleged violations of NRS 172.145(2). We clarify that a challenge under NRS 172.145(2) may properly be brought through a motion to dismiss. Here, because the district court had a duty to hear Dayani's motion on its merits, we grant the petition.

## FACTS AND PROCEDURAL HISTORY

Petitioner Fahd Dayani was on house arrest pending an unrelated trial. Pursuant to the terms of his house arrest, officers conducted a warrantless compliance check on his residence and found methamphetamine and heroin in a hallway bathroom. Dayani was arrested and charged with two counts of trafficking in a controlled substance. On the same day as Dayani's arrest, his cousin, Alina Jagshi, made incriminating statements to police officers indicating that the drugs belonged to her rather than Dayani. Leading up to the grand jury proceedings regarding Dayani's trafficking charges, Dayani's counsel sent emails to the district attorney's office bringing their attention to Jagshi's apparent third-party confession, which he claimed was recorded on an officer's body-worn camera.

Prosecutors brought the charges before a grand jury in July 2022. The State did not provide the grand jury with the video recording of Jagshi's confession but did briefly recount what Dayani's counsel had stated in the email correspondence about Jagshi's confession. There was also testimony from two officers present during the search of Dayani's residence, both of whom testified that the bathroom in which the drugs were found

SUPREME COURT
OF
NEVADA


was the only bathroom in the house. The prosecution did not question the officers' statements even though there was, in fact, a second bathroom attached to the room in which Dayani stayed, and Dayani mentioned the second bathroom to officers when he was arrested. The grand jury indicted Dayani on both counts, and he was arraigned on the indictment on July 14, 2022. Over 200 days later, on February 2, 2023, Dayani filed what was titled, "Defendant Fahd Mohsin Dayani's Motion to Dismiss." The motion argued that the State violated NRS 172.145(2) by failing to introduce exculpatory evidence, namely, the video recording of Jagshi's confession, other evidence that may have corroborated the confession, and the existence of a second bathroom.

The district court construed the motion as a pretrial petition for a writ of habeas corpus and denied it as untimely pursuant to NRS 34.700(1)(a)'s 21-day deadline. Dayani then filed the instant petition for a writ of mandamus or prohibition with this court, arguing that the district court improperly construed the motion as an untimely pretrial habeas petition. He asserts that his arguments were properly brought as a motion to dismiss and, thus, the 21-day time limit for filing a pretrial habeas petition does not apply to his motion and the district court should have considered the motion on its merits.

## DISCUSSION

This court may issue a writ of mandamus "to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station." *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124

 

Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160.[1] Writ relief is an extraordinary remedy, and it is therefore "within the discretion of this court to determine if a petition will be considered." *Clay v. Eighth Jud. Dist. Ct.*, 129 Nev. 445, 450, 305 P.3d 898, 901 (2013). This court will exercise its discretion to consider petitions for extraordinary writs "where there is not a plain, speedy and adequate remedy in the ordinary course of law," NRS 34.170, especially where "there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration," *Cheung v. Eighth Jud. Dist. Ct.*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005).

We exercise our jurisdictional discretion to review this mandamus petition because it presents an important legal issue requiring clarification to promote judicial economy and administration: the proper procedure for bringing challenges under NRS 172.145(2). Challenges under NRS 172.145(2) have come before this court through both motions to dismiss and pretrial habeas petitions, and we have not previously addressed the proper vehicle by which to bring such a challenge. Further, Dayani's underlying motion was based on an alleged error in the grand jury proceeding, and "any error in the grand-jury proceeding is likely to be harmless after a conviction." *Clay*, 129 Nev. at 450, 305 P.3d at 901. Thus, Dayani may not have an adequate remedy in the ordinary course of law. *Id.* at 449-50, 305 P.3d at 901.

---

[1]Dayani filed a petition for a writ of mandamus or, alternatively, prohibition. Mandamus is the appropriate procedure here because Dayani does not allege that the district court lacked jurisdiction to hear his motion. *See* NRS 34.320. Thus, this opinion addresses only mandamus.



NRS 172.145(2) states, "If the district attorney is aware of any evidence which will explain away the charge, the district attorney shall submit it to the grand jury." There is no Nevada caselaw directly discussing whether a challenge under this statute should be brought via a habeas petition or a motion to dismiss, though the answer to that question significantly impacts the available time frame for bringing such a challenge. In fact, our caselaw is somewhat supportive of both methods. For example, in *State v. Babayan*, we upheld the granting of a motion to dismiss partially based on violations of NRS 172.145(2). 106 Nev. 155, 787 P.2d 805 (1990); *see also King v. State*, 116 Nev. 349, 358-59, 998 P.2d 1172, 1178 (2000) (reviewing, but not commenting on the propriety of, a motion to dismiss partly based on alleged violations of NRS 172.145(2)). But we have also reviewed decisions on pretrial petitions for a writ of habeas corpus alleging violations of NRS 172.145(2) without commenting on whether those challenges were brought through the correct procedural vehicle. *See, e.g.,* *Moran v. Schwarz*, 108 Nev. 200, 202, 826 P.2d 952, 953 (1992); *Sheriff v. Harrington*, 108 Nev. 869, 871, 840 P.2d 588, 588-89 (1992); *Ostman v. Eighth Jud. Dist. Ct.*, 107 Nev. 563, 565, 816 P.2d 458, 459 (1991).

Our lack of discussion regarding the correct method by which to bring NRS 172.145(2) challenges merely reflects a lack of procedural challenges brought by the parties in such cases. Nonetheless, we recognize that this silence may have led to confusion among courts and practitioners as to the proper vehicle through which a challenge of this nature may be brought. *See, e.g., Schuster v. Eighth Jud. Dist. Ct.*, 123 Nev. 187, 188, 160 P.3d 873, 874 (2007) (noting that the defendant filed a "pretrial petition for a writ of habeas corpus *and/or* motion to dismiss a grand jury indictment" implicating questions under NRS 172.145(2), presumably because the

SUPREME COURT
OF
NEVADA

(O) 1947A

defendant's attorney was unsure which was the correct procedure (emphasis added)). Thus, we turn to statutory interpretation to resolve the matter at hand.

"Statutory interpretation is a question of law subject to de novo review." *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). NRS 172.155(2) states, "The defendant may object to the *sufficiency of the evidence* to sustain the indictment *only* by application for a writ of habeas corpus." (Emphases added.) Pretrial habeas petitions must be brought "within 21 days after the first appearance [by the defendant] in the district court." NRS 34.700(1)(a). On the other hand, NRS 174.105(1) states, "Defenses and objections based on defects in the institution of the prosecution, *other than insufficiency of the evidence* to warrant an indictment, . . . may be raised only by motion before trial." (Emphasis added.) The only statutory time limit for bringing such a motion to dismiss is "before trial."[2] *Id.* Based on the plain language of these statutes, the question a district court must answer in deciding whether the 21-day time limit applies is whether the motion or petition challenges the sufficiency of the evidence to sustain the indictment. *Cf. Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021) ("If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction.").

Turning back to NRS 172.145(2), we hold that a challenge alleging a failure to submit exculpatory evidence under this statute is not a challenge to the sufficiency of the evidence to sustain the indictment.

---

[2]However, local courts often prescribe their own deadlines for bringing a motion to dismiss an indictment.

Rather, in cases in which we have concluded that the State violated NRS 172.145(2), we have considered whether the violation "irreparably impaired the independent function of the grand jury," *Ostman*, 107 Nev. at 565, 816 P.2d at 459, which is a distinct inquiry from whether the State submitted sufficient evidence to sustain the indictment. A challenge under NRS 172.145(2) goes to the heart of the grand jury proceeding and asks whether the State has lived up to its mandate to ensure a fundamentally fair grand jury process. It is therefore a challenge "based on defects in the institution of the prosecution, other than insufficiency of the evidence to warrant an indictment." NRS 174.105(1). Thus, challenges alleging a failure of the State to submit exculpatory evidence may be properly brought through a motion to dismiss.[3]

Here, Dayani's motion to dismiss argued that the State violated NRS 172.145(2) by failing to present evidence of Jagshi's confession, other evidence that may have corroborated the confession, and evidence of the existence of a second bathroom within Dayani's residence. In essence, Dayani challenged the fairness of his grand jury proceedings, not whether the State's submitted inculpatory evidence was sufficient to sustain the indictment. Consequently, the district court had a duty to review the allegations and dismiss the indictment if it concluded that the State did, in fact, violate NRS 172.145(2) in a manner requiring dismissal. *See Ostman*, 107 Nev. at 565, 816 P.2d at 459 (noting the district court "had a duty to dismiss [the] indictment" where the prosecutor failed to present exculpatory

---

[3]While issues involving exculpatory evidence under NRS 172.145(2) may be raised by motion to dismiss, nothing in this opinion should be read as limiting pretrial habeas petitions to arguments challenging the sufficiency of the evidence.

SUPREME COURT
OF
NEVADA

(O) 1947A

evidence). By declining to consider the motion on its merits, the district court neglected its duty.

## *CONCLUSION*

Challenges alleging violations of NRS 172.145(2) may be properly brought via a motion to dismiss and are not confined by the time limits NRS 34.700(1)(a) imposes for pretrial habeas petitions. Here, the district court had a duty to consider Dayani's motion on the merits. We therefore grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Dayani's motion to dismiss and to consider the motion on the merits.

_____, J.
Parraguirre

We concur:

_____, J.
Stiglich

_____, J.
Pickering